**NATIONWIDE MUTUAL INSURANCE COMPANY**

v.

**Leonard Thomas SWISHER.**

**Civ. A. No. 89–2271.**

United States District Court, E.D. Pennsylvania.

Dec. 29, 1989.

David M. Kozloff, Wyomissing, Pa., for plaintiff.

James M. Potter, Reading, Pa., for defendant.

## MEMORANDUM AND ORDER

HUYETT, District Judge.

Nationwide Mutual Insurance Company seeks a declaratory judgment to determine its rights and obligations, as well as those of defendant Leonard Thomas Swisher, under an automobile insurance policy as it pertains to a motor vehicle accident which occurred on September 18, 1984. In that accident, defendant was injured. The parties have filed cross-motions for summary judgment.

The only issue before this court is whether an exclusionary clause relating to uninsured motorists benefits is void and unenforceable as against the public policy behind the Uninsured Motorists Act, Pa.Stat. Ann. tit. 40, § 2000 (Purdon 1971).[1]

For the following reasons, defendant's motion for summary judgment shall be granted, and plaintiff's motion for summary judgment shall be denied.

### I. FACTUAL BACKGROUND

Both parties agree that the relevant facts are not in dispute. Therefore, because there are no genuine issues of material fact, this case is ripe for disposition by way of summary judgment.

On September 18, 1984, defendant was operating a 1984 Ford tractor-trailer on U.S. Route 22 East in Whitehall Township, Lehigh County, Pennsylvania, in the course

---

**1.** The Motor Vehicle Financial Responsibility Act, 75 Pa. Cons.Stat.Ann. §§ 1701–1798 (Purdon Supp.1989), which contains the current Uninsured Motorist Law, 75 Pa. Cons.Stat.Ann. §§ 1731–1736, is not applicable to this case because it did not become effective until October

1, 1984. The Motor Vehicle Financial Responsibility Act applies to insurance policies issued after October 1, 1984. *See Votedian v. General Accident Fire and Life Assurance Corp.,* 330 Pa. Super. 13, 478 A.2d 1324, 1327 n. 3 (1984).

of his employment with Red Star Express Lines of Auburn, Inc. (Red Star). At approximately 8:42 a.m., defendant's vehicle entered a construction zone, where traffic merged into a single lane and slowed, and eventually came to a complete stop. Another tractor-trailer had stopped immediately in front of defendant's vehicle. A third eastbound tractor-trailer approached and struck defendant's vehicle from behind. Defendant was injured by the collision.

The tractor-trailer that defendant was operating, which contained Red Star freight, was insured by Liberty Mutual Insurance Company (Liberty). On the day of the accident, defendant had an automobile insurance policy, which insured his personal automobiles, with Nationwide Mutual Insurance Company (Nationwide). The third eastbound tractor-trailer which struck defendant was insured by Integrity Insurance Company (Integrity) of Paramus, New Jersey. Integrity, a stock insurance company, was placed in liquidation by an order of the Superior Court of Bergen County, New Jersey on March 24, 1987.[2]

Consequently, defendant asserted claims for uninsured motorists benefits under the liability insurance policy issued by Liberty, the primary uninsured motorist carrier, as well as under the liability insurance policy issued by Nationwide, the secondary uninsured motorist carrier. Liberty paid defendant the policy limits of the uninsured motorist benefits under the policy issued to Red Star. Nationwide, however, denied defendant uninsured motorist benefits on the basis of the Coverage Exclusion Paragraph of the Uninsured Motorists Coverage section of the policy. The particular exclusion upon which Nationwide denied coverage states that the uninsured motorist insurance "does not apply to use of any vehicle by an insured to carry persons or property for a fee." *See* Plaintiff's Motion for Summary Judgment, Exhibit 1 at 10.

Defendant contends that the exclusion of liability for uninsured motorists benefits in the Nationwide insurance policy is against public policy and, thus, void and unenforceable because (1) it is an exclusion which is not specifically authorized by Pennsylvania's Uninsured Motorist Act, and (2) recognition of such an exclusion would undermine the legislative purpose of the Act.

On the other hand, Nationwide contends that the insurance policy at issue meets or exceeds all the requirements of the Uninsured Motorist Act, and provides all due and statutorily mandated protections to innocent victims of uninsured motorists. Further, Nationwide contends that the exclusion is clear and unambiguous and, thus, operable as a matter of law to bar coverage for the accident in question.

## II. DISCUSSION

Federal jurisdiction in this case is based on diversity of citizenship. Therefore, I am obligated to apply the governing law of the Commonwealth of Pennsylvania. Because no Pennsylvania appellate court has addressed the effect of the precise exclusionary clause at issue, I must look to analogous Pennsylvania cases to determine how the Pennsylvania Supreme Court would rule on this issue.

It should be noted at the outset that there is no claim of ambiguity. Defendant agrees that the contract language is clear. The issue is simply whether the exclusionary clause is void as being contrary to public policy.

The Uninsured Motorist Act (UMA) is intended to protect those "persons who while lawfully using the highways themselves suffer grave injuries through the negligent use of those highways by others" who are uninsured. *Pattani v. Keystone Insurance Co.*, 426 Pa. 332, 231 A.2d 402, 404 (1967). Therefore, the UMA ensures that innocent victims recover the damages that they would have received had the uninsured tort-feasor maintained liability insurance. *See Providence Washington Ins.*

---

**2.** Under Pennsylvania's Uninsured Motorist Act, Pa.Stat.Ann. tit. 40, § 2000, "the term 'uninsured motor vehicle' shall be deemed to include an insured motor vehicle where the liability insurer thereof is unable to make payment with respect to the legal liability of its insured within the limits specified therein because of insolvency." Pa.Stat.Ann. tit. 40, § 2000(b).

*Co. v. Rosato,* 328 Pa.Super. 290, 476 A.2d 1334 (1984); *Estate of Rosato v. Harleysville Mut. Ins. Co.,* 328 Pa.Super. 278, 476 A.2d 1328 (1984). The remedial intent of the UMA requires courts to find coverage unless equally strong legal or equitable considerations to the contrary are present. *See Boyle v. State Farm Mut. Auto. Ins. Co.,* 310 Pa.Super. 10, 456 A.2d 156 (1983); *Walls v. City of Pittsburgh,* 292 Pa.Super. 18, 436 A.2d 698 (1981). The Pennsylvania Supreme Court has stated that "any attempt by the insurer to diminish the statutorily mandated floor of minimum protection provided by the Uninsured Motorist Act, will be considered void as being repugnant to, and in derogation of, the purpose of that act." *Utica Mut. Ins. Co. v. Contrisciane,* 504 Pa. 328, 473 A.2d 1005, 1010 (1984).

The UMA provides in pertinent part:
"No motor vehicle liability policy of insurance ... shall be delivered or issued for delivery in this State with respect to any motor vehicle registered or principally garaged in this State, unless coverage is provided therein or supplemental thereto ... for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of insured motor vehicles because of bodily injury, sickness or disease, including death resulting therefrom, ..."

Pa.Stat.Ann. tit. 40, § 2000(a).

Those portions of the UMA which allow exclusion of coverage have been narrowly and strictly construed. *See Johnson v. Concord Mut. Ins. Co.,* 450 Pa. 614, 300 A.2d 61 (1973). The UMA provides for two exceptions to the coverage mandate. An insurer can exclude uninsured motorist coverage in policies issued for certain vehicles certified by the Pennsylvania Public Utility Commission or the Interstate Commerce Commission and for vehicles operated by employees covered by the Pennsylvania Workmen's Compensation Act, provided that the insured rejects such coverage in writing. *See* Pa.Stat.Ann. tit. 40, § 2000(a)(1) and (2). In all other insurance policies, uninsured motorist coverage must be included. However, the uninsured mo-

torist coverage required by the UMA does not apply:

(1) To property damage sustained by the insured.

(2) To bodily injury sustained by the insured with respect to which the insured or his representative shall, without the written consent of the insurer, make any settlement with or prosecute to judgment any action against any person who may be legally liable therefor.

(3) In any instance where it would inure directly and indirectly to the benefit of any workmen's compensation carrier or to any person qualified as a self-insurer under any workmen's compensation law.

Pa.Stat.Ann. tit. 40, § 2000(e)(1), (2), & (3).

Pennsylvania appellate courts have consistently held that any exclusion from uninsured motorists benefits in a motor vehicle liability insurance policy not specifically permitted by the UMA is void and unenforceable.

In *Harleysville Mutual Casualty Co. v. Blumling,* 429 Pa. 389, 241 A.2d 112 (1968), a case which is factually similar to the present case, an employee's insurer brought a declaratory judgment action against an employee who claimed uninsured motorist benefits. The insurer denied coverage because of an "other insurance" clause and the fact that the employee had already recovered uninsured motorists benefits under the insurance policy which insured his employer's vehicle. Recognizing that the UMA did not limit, either explicitly or implicitly, the total amount of coverage that a victim may recover if he suffers a loss from the negligence of an uninsured driver, the Pennsylvania Supreme Court held that it would not permit the insurer "to avoid its statutorily imposed liability by its unilateral insertion into the policy of a liability limiting clause repugnant to the statute." *Id.* at 396, 241 A.2d at 115–16. In permitting the insured to recover under both policies, the Supreme Court stated that "where the loss exceeds the limits of one policy, the insured may proceed under other available policies up to their individual limits or to the amount of

the actual loss." *Id.* at 396, 241 A.2d at 115. *Harleysville* is the seminal case in Pennsylvania involving the issue of culminating benefits under multiple insurance policies, otherwise known as "stacking."

In *Bankes v. State Farm Mutual Automobile Insurance Co.*, 216 Pa.Super. 162, 264 A.2d 197 (1970), the insured while operating a newly acquired motorcycle was struck and killed by an automobile driven by an uninsured driver. The insurer denied uninsured motorist coverage because of an exclusion in the policy which stated that uninsured motorist benefits do not apply "to bodily injury to an insured while occupying ... a land motor vehicle owned by the named insured ... if such vehicle is not an 'insured automobile.' " Id at 164, 264 A.2d at 198. In essence, this exclusionary clause denied the decedent/insured coverage for two reasons: 1. he was operating a motorcycle, which under the policy was not an automobile; and 2. the motorcycle was not insured. Recognizing that the provisions of the UMA must be liberally construed so that innocent victims will be protected from uninsured drivers, the court concluded that the exclusion could not be upheld. To do so, the court stated, would undercut the purpose and intent of the UMA to provide victims who have a motor vehicle liability policy to recover the damages which they would have received had the uninsured motorist maintained liability insurance. *Id.* at 168, 264 A.2d at 200.

In *State Farm Mutual Automobile Insurance Co. v. Williams*, 481 Pa. 130, 392 A.2d 281 (1978), the insured was injured by an uninsured motorist while driving his wife's automobile. The insured filed a claim for uninsured motorist benefits against the insurer under both his and his wife's insurance policies. The insurer paid the limits under his wife's policy, but refused payment under his policy. The insurer denied coverage based upon an exclusionary clause which prohibited "all recovery by the insured under his policy, if the injury was sustained while he occupied another motor vehicle owned by a resident of the house, and if that vehicle was not an insured vehicle under his policy." *Id.* at 142, 392 A.2d at 286–87. In other words,

the clause purported to exclude the culmination of coverage by a named insured from two insurance policies within the same household. The Pennsylvania Supreme Court concluded that the exclusionary clause could not be upheld in light of the purpose of the UMA and its holding in *Harleysville.*

In *Gerardi v. Harleysville Insurance Co.*, 293 Pa.Super. 375, 439 A.2d 160 (1981), the insurer issued an insurance policy which included uninsured motorists coverage, but excluded such coverage for accidents occurring outside the United States, its territories, Puerto Rico, or Canada. The insured while riding in an uninsured motor vehicle, was injured in an accident in St. Lucia. The insurer denied uninsured motorist benefits on the basis of the territorial restriction. Acknowledging the liberal construction which the UMA has received, the court considered the territorial restriction to the uninsured motorist coverage as derogatory to the legislative purpose of protecting innocent victims from uninsured drivers and, thus, void and enforceable.

The Pennsylvania Supreme Court most recently addressed the issue of whether a clause excluding uninsured motorist benefits was void as contrary to the UMA and public policy in *Selected Risks Insurance Co. v. Thompson*, 520 Pa. 130, 552 A.2d 1382 (1989). In *Thompson,* the insured, a volunteer fire fighter, while responding to an alarm in a fire department vehicle, was involved in an automobile collision with an uninsured motorist. The insured filed a claim for uninsured motorist benefits with the insurance company that insured the vehicles owned by the fire department. The insurance policy contained a provision which provided that the amount payable under the policy would be reduced by all sums payable under any workers' compensation, disability benefits, or similar law. At the time that the insured made a claim for uninsured motorists benefits, he had already received workers' compensation benefits totalling $49,660.35. In concluding that the provision was void, the Supreme Court was persuaded by several factors:

[F]irst, uninsured motorist coverage is paid for by a separate premium, and to give the uninsured motorist carrier a set-off based on the fortuitous existence of a collateral source would result in a windfall to the carrier; second, uninsured motorist coverage is mandated by statute and any variations from that statutory mandate should come from the legislature; third, workmen's compensation only covers a fraction of what tort damages would cover, (e.g. workmen's compensation does not provide 100% of wage loss coverage, nor pain and suffering, nor other consequential damages) and a dollar-for-dollar set-off does not recognize this reality; and fourth, there is no public policy against an individual purchasing additional uninsured motorist coverage to protect himself and his family against the shortfall which could result from a dependency on workmen's compensation benefits.

*Id.* at 142, 552 A.2d at 1388. The Supreme Court, however, was even more compelled to conclude that the provision was void because of a section of the new Motor Vehicle Financial Responsibility Act, which contains the current Uninsured Motorist Law. The relevant section, which clearly addressed the issue before the court, states:

The coverages required by this subchapter shall not be made subject to an exclusion or reduction in amount because of any workers' compensation benefits payable as a result of the same injury.

75 Pa.Cons.Stat.Ann. § 1735.

 The clear import of these cases is that any attempt by the insurer to diminish the amount of uninsured motorist coverage available to an insured, other than the specific exclusions mentioned in the statute, will be considered void as being repugnant to and in derogation of the UMA. Uninsured motorist coverage follows the insured and not the vehicle. The fortuitous event of being injured in an automobile collision caused by an uninsured motorist can happen at any time and in any type of motor vehicle. Therefore, any provision in an insurance policy which attempts to exclude coverage based on the type of vehicle the insured was occupying or the reason the insured was occupying the vehicle should be void as contrary to public policy. The threshold elements of uninsured motorist coverage include: (1) the insured's involvement in a vehicular collision caused by an uninsured motorist; (2) damages not already covered through proceeds from another insurance policy.

Nationwide cites three cases for the proposition that exclusionary clauses without specific statutory authority have been upheld by the courts: *United Services Automobile Association v. Evangelista,* 698 F.Supp. 85 (E.D.Pa.1988), *aff'd without opinion,* 872 F.2d 414 (3d Cir.1989); *Parsons v. State Farm Mutual Automobile Insurance Co.,* 335 Pa.Super. 394, 484 A.2d 192 (1984); *Boyle v. State Farm Mutual Automobile Insurance Co.,* 310 Pa.Super. 10, 456 A.2d 156 (1983). All three cases are easily distinguished.

In *United Services Automobile Association v. Evangelista,* 698 F.Supp. 85 (E.D. Pa.1988), the court upheld an exclusionary clause in an uninsured motorist policy based solely on principles of contract law, concluding that the exclusionary clause was clear and unambiguous. The court did not even discuss the UMA or whether the clause was void as against public policy.

In *Parsons v. State Farm Mutual Automobile Insurance Co.,* 335 Pa.Super. 394, 484 A.2d 192 (1984), there was no exclusionary clause but merely a definition of the phrase "uninsured motor vehicle." The court construed the definition of that phrase to mean "that if either the owner or operator of the offending vehicle has insurance applicable to the accident, then the vehicle may not be deemed uninsured." *Id.* at 398, 484 A.2d at 194. In addition, the court concluded that such a definition was not contrary to the policy behind the Uninsured Motorist Act. Therefore, even though the operator's insurer was insolvent, the appellant could not obtain uninsured motorist coverage because she was able to obtain liability coverage from the insurer which insured the offending motor vehicle.

In *Boyle v. State Farm Mutual Automobile Insurance Co.*, 310 Pa.Super. 10, 456 A.2d 156 (1983), the issue before the court was not the effect of an exclusionary clause, but rather "whether an action brought by an insured to enforce an uninsured motorist coverage endorsement in a policy of insurance is governed by the two-year tort statute of limitations of 42 Pa.C.S.A. § 5524(2) or by the six-year statute of limitations prescribed for contracts in 42 Pa.C.S.A. § 5527(2)." *Id.* at 13, 456 A.2d at 157.

█ In the present case, the insurer argues that it is clear from the policy that it did not intend to provide the insured with commercial insurance coverage. This argument, however, misses the point of uninsured motorist coverage and the public policy behind the UMA.

Simply because defendant happened to be involved in an accident caused by an uninsured motorist while he was delivering property for a fee does not convert his uninsured motorist coverage into commercial coverage. The coverage would only cover his personal injuries, the same as it would if the accident had occurred on his day off. There would be no additional coverage for the vehicle or for damage to the property being delivered.

Collusion or conspiracy aside, no one plans to be involved in an accident caused by an uninsured motorist. It is a fortuitous event. It can happen to a truck driver as easily as it can to a traveling salesman or a Sunday driver. Regardless of the type of vehicle occupied or the reason for occupying that vehicle, the policy of the UMA is the same—to put the insured in the same position he would have been in had the uninsured motorist maintained liability insurance.

Furthermore, it is clear that the legislature recognized that many insureds while acting in the scope of their employment would be involved in accidents with uninsured motorists. The UMA refers to the Pennsylvania Workmen's Compensation Act and gives "[a]n owner or operator of any ... motor vehicle designed for carrying freight or merchandise or operated for the carriage of passengers for hire *whose employees are insured under the provisions of 'The Pennsylvania Workmen's Compensation Act'*" the option of rejecting in writing uninsured motorist coverage. *See* Pa.Stat.Ann. tit. 40, § 2000(a)(2) (emphasis added). The UMA, however, does *not* give that option of rejecting uninsured motorist coverage to the employee. In addition, the UMA also provides that an insurer does not have to pay uninsured motorists benefits if those benefits will go either directly or indirectly to indemnify any workmen's compensation carrier. *See* Pa.Stat.Ann. tit. 40, § 2000(e)(3).

The Motor Vehicle Responsibility Act (MVRA) also refers to workers' compensation benefits—again a recognition that many accidents with uninsured motorists will occur while the insured is acting in the course of his employment. The MVRA specifically provides that uninsured motorist coverage is not subject to a reduction or set-off for workers' compensation benefits payable as a result of the same injury. *See* 75 Pa. Cons.Stat.Ann. § 1735. Although the MVRA took effect after the accident in question and, thus, is not controlling as a statute, it is certainly persuasive in resolving the issue presently before this court.

### III. CONCLUSION

There is no doubt that the exclusionary clause at issue in the present case is contrary to the policy of the UMA in that it attempts to deny uninsured motorist coverage based on an exclusion not set forth in the statute. In addition, the plaintiff/insurer has not provided this court with any strong legal or equitable considerations for concluding that this exclusionary clause is not contrary to the policy of the UMA. Accordingly, the exclusionary clause is void and unenforceable.

Defendant Leonard Thomas Swisher is entitled to receive uninsured motorist benefits under the Nationwide Insurance Policy, No. 58 C 043217, provided of course that he can establish damages in excess of the amount which he has already recovered.

An appropriate order follows.

ORDER

Upon consideration of plaintiff's motion for summary judgment, defendant's motion for summary judgment, and the parties' memoranda of law and responses, and for the reasons stated in the accompanying memorandum, IT IS ORDERED that:

1. Plaintiff's motion for summary judgment is DENIED.

2. Defendant's motion for summary judgment is GRANTED.

3. Defendant is entitled to recover uninsured motorist benefits under his insurance policy with Nationwide Mutual Insurance Company, Policy No. 58 C 043217, for personal injuries which he sustained as a result of the accident which occurred on September 18, 1984, provided that he can establish damages in excess of the amount which he has already recovered.

4. Judgment shall be entered in favor of defendant and against plaintiff.