610 A.2d 477

Camillo MARINO

v.

**GENERAL ACCIDENT INSURANCE COMPANY,
Bon–Sin Realty Co., and Joseph Sindoni.**

**Appeal of GENERAL ACCIDENT INSURANCE COMPANY.**

Superior Court of Pennsylvania.

Argued Feb. 6, 1992.

Filed July 1, 1992.

1

2

James C. Haggerty, Philadelphia, for appellant.
Daniel J. Zucker, Philadelphia, for Marino, appellee.

Before OLSZEWSKI, JOHNSON and HOFFMAN, JJ.

OLSZEWSKI, Judge:

This is an appeal from the judgment of the Philadelphia County Court of Common Pleas dated July 26, 1990. The order which resulted in this judgment ordered:

(1) that defendant, General Accident Insurance Company is ordered to provide uninsured/underinsured motorists coverage pursuant to its general accident insurance personal auto policy Member RPA48–262–72–3;

(2) that General Accident designate an arbitrator within twenty (20) days of this order;

(3) that the motorist arbitration proceed within seventy-five (75) days of this order; and

(4) counsel fees are awarded against General Accident Insurance Company in the amount of $500.00 (five hundred).

Initially, we will examine the appealability of the order in question. A discussion of the case follows.

The lower court summarized the facts of this case:

Plaintiff, Camillo Marino was involved in a motor vehicle accident in Middlesex, NJ on October 13, 1986 in which he allegedly sustained severe and permanent injuries when his vehicle was struck by an uninsured motorist.

Plaintiff alleges that he was on his way to visit his aunt and enroute was delivering property for his employer, Jet Messenger Service, Inc.

Plaintiff was insured by General Accident Insurance Company under a policy that provided uninsured/underinsured protection benefits.

Following the accident, the insurers of Plaintiff's employer, Jet Messenger Service, Inc., (New Jersey Manufacturer's Insurance Company), paid Plaintiff $35,000.00 in uninsured motorist's benefits.

Thereafter, Plaintiff made a demand to General Accident and its agent for underinsured motorist's protection benefits.

General Accident refused to provide uninsured motorist's benefits based on the following policy provision:
*"Exclusions*

We do not provide uninsured/underinsured motorist coverage for bodily injury sustained of a person.

(1) While occupying your covered auto when it is being used to carry persons or property for a fee. This exclusion does not apply to a share of the expense car pool."

Trial court opinion, Lehrer, J., dated October 8, 1990 at 1–2. Appellee, Camillo Marino, filed a motion for summary judgment requesting that the court appoint arbitrators, order the parties to arbitration and award him counsel fees. The court granted appellee's motion, and upon the entry of judgment this timely appeal followed.

■ Initially, we are confronted with whether the order in question is appealable. An order directing arbitration is not appealable. *Gardner v. Prudential Insurance Co.*, 332 Pa.Super. 358, 481 A.2d 654 (1984). There exists some authority that an order directing arbitration can be appealable where the order also disposed of other claims in the case. *Clark v. State Farm*, 410 Pa.Super. 300, 599 A.2d 1001 (1991); *Kester v. Erie Insurance Exchange*, 399 Pa.Super. 206, 582 A.2d 17 (1991). These cases base the appealability of the order on the fact that a party to the case was put out of court on another claim. The question, therefore, is whether the order in this case does more than merely order the parties to arbitration. If the result of the order is only that the parties are ordered to arbitration, then the order is not appealable.

In this case, the order in question has several results. First, it orders the parties to arbitration. In this respect the order is not appealable. Second, the order decides the substantive issue that appellant, General Accident, is required to provide uninsured/underinsured coverage to appellee. Third, the order grants appellee $500.00 in attorney's fees. Finally, the order, by granting summary judgment, puts the parties out of court regarding any other

claims asserted in the action. We find that it is appropriate to address the issues presented by appellant.

Appellant's first argument is that the lower court erred in finding that appellee was not barred by the exclusion cited above from recovering uninsured/underinsured motorist benefits. Several questions arise in regard to this issue.

The first question which arises in this regard surrounds the validity of this exclusion under Pennsylvania law. There is a dearth of caselaw on the validity of exclusions in regard to uninsured/underinsured motorist coverage under the Motor Vehicle Financial Responsibility Act. 75 Pa.C.S.A. § 1701 et seq. The lower court granted appellee's motion for summary judgment based on *Nationwide v. Swisher*, 731 F.Supp. 691 (E.D.Pa.1990). The facts in the *Swisher* case were very similar to the case before the Court. In *Swisher*, Nationwide sought a declaratory judgment to determine whether Swisher was entitled to uninsured motorist coverage under his personal auto policy. Swisher was injured in an accident while operating a tractor trailer for his employer. The accident occurred when another tractor trailer struck the rear of the tractor trailer operated by Swisher. The tractor trailer which struck Swisher's vehicle was insured by an insurance company which had become insolvent. Nationwide argued that an exclusion in the personal auto policy issued to Swisher precluded any coverage based upon uninsured motorist coverage for the "use of any vehicle by an insured to carry persons or property for a fee." The United States District Court found the exclusion to be void and unenforceable under the Uninsured Motorist Act [hereinafter "UMA"]. 40 P.S. § 2000. The decision in *Swisher* is based to a large extent upon the structure of the UMA, which provided a list of permissible exclusions. 40 P.S. § 2000(e)(1)–(3). The District Court reviewed Pennsylvania caselaw and found that exclusions not covered in the list were void and unenforceable.

The question which naturally arises is whether a similar analysis is applicable to the case before the Court, which is

governed by the Motor Vehicle Financial Responsibility Act [hereinafter "MVFRA"]. 75 Pa.C.S.A. § 1701 et seq. The lower court looked to the identical language in both acts which provides for the requirement of uninsured/underinsured coverage. The lower court missed the fact that the MVFRA does not contain a list of permissible exclusions. The basis of the analysis in *Swisher* is the list of permissible exclusions and, therefore, we find *Swisher* distinguishable. We do not believe the decision of the lower court can be affirmed based upon the analysis in *Swisher*. Further, *Swisher* involved an insured operating a vehicle which was not insured under the personal auto policy to transport goods for a fee. In this case appellee was operating his insured vehicle to allegedly transport goods for a fee.

A second question which arises in this regard is whether the exclusion is invalid as against the public policy of the MVFRA. We do not find the exclusion to be against public policy. We limit this decision strictly to the facts of the case before the Court. The exclusion in question provides for an exclusion when the insured vehicle is operated to transport persons or goods for a fee. Since insurance rates vary from passenger to commercial use, we find that it is within public policy to allow such a limited exclusion. To invalidate such an exclusion would result in an increase in automobile rates across the board for private operators. It is within the public policy of the Commonwealth of Pennsylvania to assign costs to those who have created the need for the cost. In this case increased risk and, therefore, cost is created by commercial operators. This cost should not be passed on to persons who only use a vehicle for personal use. Clearly the increased risk related to commercial operators should be borne by those who utilize vehicles for commercial purposes. The private individual who utilizes a vehicle strictly for personal use should pay a premium based on the risk associated with that use and not for the greater risk associated with a commercial use. We believe it was the Legislature's intent when enacting the

MVFRA to control rising insurance costs. We believe that to invalidate this exclusion would work the opposite effect.

The third and final question which arises is whether the applicability of the exclusion is a proper question for arbitration. In *Brennan v. General Accident Fire & Life*, 524 Pa. 542, 574 A.2d 580 (1990), the Pennsylvania Supreme Court analyzed an agreement to arbitrate similar to the agreement in this case. *Brennan* involved a question of whether it was within the power of the arbitrators to determine whether any setoff should be applied under the policy. The Superior Court held that it was beyond the powers of the arbitrators to determine the setoff issue because the question was not presented to the arbitrators by the parties. The Pennsylvania Supreme Court reversed the judgment of the Superior Court and reinstated the decision of the arbitrators. The Supreme Court examined the language of the agreement to arbitrate and found that whether a setoff was applicable was within the scope of the arbitrator's powers.

The agreement to arbitrate in *Brennan* read as follows: "If we and the covered person disagree whether that person is legally entitled to recover damages from the owners or operator of an underinsured motor vehicle, or do not agree as to the amount of damages, either party may make a written demand for arbitration." *Brennan*, 524 Pa. at 547, 574 A.2d at 582. In this case the agreement to arbitrate reads as follows:

If we and the covered person do not agree:

    1.  Whether that person is legally entitled to recover damages from the owner or operator of an:

    a.  uninsured motor vehicle; or

    b.  underinsured motor vehicle if Underinsured Motorists Coverage is afforded; or

    2.  As to the amount of damages;

either party may make a written demand for arbitration.

We find no difference that affects our decision between the agreement in *Brennan* and the agreement in this case.

8

In *Brennan*, the Supreme Court held that the agreement to arbitrate did not limit the jurisdiction of the arbitrators.

A review of the language of the arbitration clause reveals that arbitration is mandated whenever the insured and the insurer disagree as to when a party is legally entitled to recover damages. There is no limit to the jurisdiction of the arbitrators over what issues may be submitted and in fact the policy declares that all disputes between the insurance company and the insured will be arbitrated. The instant dispute, in its broadest sense, involves a disagreement as to the amount of damages which Appellant would and could possibly receive under the policy. This court has held, since the insurance policy was written by the Appellee [insurance company], any ambiguity will be interpreted against the Appellee. *National Grange Mutual Insurance Co. v. Kuhn*, 428 Pa. 179, 236 A.2d 758 (1968). Given the broad scope of authority given the arbitrators, we have little difficulty in concluding that the dispute herein is a matter specifically within the scope of the arbitration clause.

*Brennan*, 524 Pa. at 549, 574 A.2d at 583. The Supreme Court's analysis is directly on point with this case. *See, Baverso v. State Farm*, 407 Pa.Super. 164, 595 A.2d 176 (1991); *Nationwide v. Pitts*, 400 Pa.Super. 269, 583 A.2d 489 (1990); *Lamar v. Colonial Penn*, 396 Pa.Super. 527, 578 A.2d 1337 (1990). The insurance policy in this case was written by appellant, General Accident, and should be interpreted against appellant. Further, the policy contains no limitation on the jurisdiction of the arbitrators. *Brennan* clearly controls our decision. Under *Brennan*, this is an appropriate case for arbitration.

We reverse the decision of the lower court to the extent it would invalidate the exclusion or find the exclusion inapplicable. There is a question for arbitration regarding the use of the vehicle at the time of the accident. Appellee has claimed that the vehicle in question was being used for personal transportation and that on the way he was to

deliver a package for his employer. Whether the exclusion is applicable, is a proper question for arbitration.

■ Appellant's second argument is that the lower court erred in granting appellee attorney's fees. We have reviewed the record of this matter and find no basis for the trial court's ordering attorney's fees. We find no basis in the record for a finding of dilatory, obdurate or vexatious conduct as required by 42 Pa.C.S.A. § 2503(7). *See Baverso,* 407 Pa.Super. at 170, 595 A.2d at 179. The lower court's decision is reversed to the extent it awarded attorney's fees.

The judgment of the lower court is reversed in all respects, except to the extent that this case is ordered to arbitration pursuant to the terms of the insurance policy. The matter should be heard by the arbitrators and a decision rendered consistent herewith.

There is an outstanding motion to strike a portion of the reproduced record. Since our decision is not based on any improper documents, the motion is denied.

Motion to strike a portion of reproduced record denied. Judgment reversed and remanded in part, affirmed in part. Jurisdiction relinquished.