578 A.2d 1337

**Robert LAMAR, Appellant,**

v.

**COLONIAL PENN INSURANCE COMPANY, Appellee.**

Superior Court of Pennsylvania.

Argued May 23, 1990.

Filed Aug. 28, 1990.

Joseph M. Zoffer, Pittsburgh, for appellant.

Dara A. Decourcy, Pittsburgh, for appellee.

Before ROWLEY, KELLY and MONTGOMERY, JJ.

MONTGOMERY, Judge:

The plaintiff-appellant, Robert Lamar, instituted this action seeking an order from the trial court to compel defendant-appellee, Colonial Penn Insurance Company, to arbitrate a dispute concerning underinsurance coverage. After a review of the briefs and consideration of the arguments of counsel, the trial court denied the appellant's request, without prejudice to the appellant's right to file a separate legal action to seek the desired insurance coverage from the appellee. Thereafter, the appellant filed the instant appeal to our court.

There appears to be no dispute that in late September, 1988, the appellant was severely injured when he was struck by a motor vehicle while he was a pedestrian. At the time, he was covered by a policy of motor vehicle insurance issued by appellee, Colonial Penn Insurance Company. The policy included first party medical benefits and underinsured motorists coverage. The plaintiff's injuries resulted in over $75,000.00 in medical expenses. The appellee paid $10,000.00 to a medical provider, representing the limits of first party medical benefit coverage on the appellant's policy. The appellee also tendered its consent and waived any rights of subrogation with respect to the appellant's settlement of a third party claim against the responsible driver for the limits of the liability insurance coverage available under that driver's policy. Finally, the appellee paid the appellant $15,000.00 in underinsured motorists benefits, pursuant to the specific limit set forth in the appellant's policy.

The trial court determined that the appellant sought arbitration based upon the contention that the limits of his underinsured coverage should have been $100,000.00, instead of $15,000.00. The appellant claimed that the appellee did not provide sufficient information to permit him an informed choice as to available coverage. He contended that he intended to elect the higher amount of coverage.

The arbitration provision of the insurance policy in issue states:

If *We* and the *insured person* do not agree:

1. Whether that person is legally entitled to recover damages from the owner or operator of an *uninsured motor vehicle or underinsured motor vehicle;*

2. As to the amount of damages; either party may make a written demand for arbitration. Arbitration shall be conducted in accordance with the provisions of the Pennsylvania Uniform Arbitration Act. Each party will select the arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction. Each party will:

1. Pay the expenses it incurs; and

2. Bear the expenses of the third arbitrator equally. Unless both parties agree otherwise, arbitration will take place in the county in which the *insured person* lives. Local rules of law as to procedure and evidence will apply. A decision agreed to by two of the arbitrators will be binding.

The trial court refused to require the appellee to arbitrate the appellant's claim. In its opinion, the trial court indicated that the appellant was seeking to arbitrate a claim that he intended to elect underinsurance coverage in a larger amount than was provided by his policy. The trial court found that the dispute involved questions concerning the appellant's intent, rather than issues concerning the provisions of the policy. The court noted that in *Ostroff v. Keystone Insurance Company*, 357 Pa.Super. 109, 515 A.2d 584 (1986), it was held that arbitrators were limited to interpreting the terms of a policy, and that consideration of tort theories to enlarge the coverage listed on the face of the policy was improper. Because the trial court in the instant case found that the plaintiff was not asking for arbitration concerning the terms of the policy, but rather a decision as to "extrinsic matters", concerning the appellant's intent at the time he selected coverage, the court concluded that the request to compel arbitration should not be granted.

On April 27, 1990, the Supreme Court of Pennsylvania filed its decision in *Brennan v. General Accident Fire and Life Assurance Corporation, Ltd.*, 524 Pa. 542, 574 A.2d 580 (1990). In that case, the court reversed a Superior Court decision which held that a panel of arbitrators considering an underinsured motorist claim had exceeded its jurisdiction in deciding an issue which the parties had previously agreed was not in dispute.

In its ruling in *Brennan*, the Supreme Court referred to the arbitration provision of the motor vehicle insurance policy under which the dispute in that case arose. In pertinent part, it provided:

If we and the covered person disagree whether that person is legally entitled to recover damages from the owners or operator of an underinsured motor vehicle, or do not agree as to the amount of damages, either party may make a written demand for arbitration.

With regard to that provision, the Supreme Court declared:

A review of the language of the arbitration clause reveals that arbitration is mandated whenever the insured and the insurer disagree as to when a party is legally entitled to recover damages. *There is no limit to the jurisdiction of the arbitrators over what issues may be submitted and in fact the policy declares that all disputes between the insurance company and the insured will be arbitrated. The instant dispute, in its broadest sense, involves a disagreement as to the amount of damages which Appellant would and could possibly receive under the policy.* The court has held, since the insurance policy was written by the Appellee, any ambiguity will be interpreted against the Appellee. *National Grange Mutual Insurance Co. v. Kuhn*, 428 Pa. 179, 236 A.2d 758 (1968). Given the broad scope of authority given the arbitrators, we have little difficulty in concluding that the dispute herein is a matter specifically within the scope of the arbitration clause. 524 Pa. at 548, 574 A.2d at 583. (Emphasis added.)

While the arbitration clause in issue in the instant case is not identical to the clause considered by the Supreme Court in *Brennan*, it is evident that it is virtually the same for all legal intents and purposes. In such circumstances, we must be guided by the Supreme Court's analysis of the breadth of coverage of such policy language in *Brennan*. The Supreme Court holding makes it clear that such wording in the policy creates "*... no limit to the jurisdiction of the arbitrators over what issues may be submitted ...*", and "*... all disputes between the insurance company and the insured will be arbitrated.*" (emphasis added)

Accordingly, we must hold that the trial court erred in denying the plaintiff-appellant's request for an order to compel the defendant-appellee insurer to arbitrate the underinsurance coverage dispute in issue in the instant case. Such an order must be issued by the trial court.

The order of the trial court is reversed and the case is remanded for further proceedings. Jurisdiction is not retained.