Rodney HAWTHORNE and
Mindy Powell

v.

**KEMPER GROUP, American Motorists Insurance Company and State Farm Mutual Automobile Insurance Company and Northlands Insurance Companies.**

Civ. A. No. 89–7357.

United States District Court,
E.D. Pennsylvania.

March 11, 1991.

Philip Baer, Philadelphia, Pa., for plaintiffs.

Peter J. Hoffman, McKissock & Hoffman, P.C., Philadelphia, Pa., for State Farm Auto. Ins. Co.

James C. Haggerty, Swartz Campbell & Detweiler, Philadelphia, Pa., for Northland Ins. Co.

Gerard Bruderle, LaBrum & Doak, Philadelphia, Pa., for Kemper Group American Motorists Ins. Co.

## MEMORANDUM & ORDER

GAWTHROP, District Judge.

Defendant, American Motorists Insurance Company, brings this motion to vacate or modify an award issued on October 2, 1990, by the arbitrators appointed in this case. Plaintiffs, Rodney Hawthorne and Mindy Powell, and codefendants, State Farm Mutual Automobile Insurance Company, and Northlands Insurance Companies, seek to have the arbitration award confirmed. For the reasons that follow, I will deny the motion to vacate or modify, and I shall confirm the award.

## BACKGROUND

Plaintiffs, Hawthorne and Powell, were injured in an automobile accident on November 16, 1986. The vehicle operated by Hawthorne was owned by Hawthorne's employer, the Xerox Corporation, and insured under a policy issued to Xerox by American Motorists. Both Hawthorne and Powell made claims under the uninsured motorist ("UM") provisions of the American Motorists policy. Hawthorne also sought UM coverage under policies issued by State Farm to his resident relatives, and under a policy issued by Northlands on his own car. Plaintiffs filed an action in state court, against all three insurance companies, demanding arbitration of their claims. Defendant, State Farm, removed the action to this court.

All defendants agree that American Motorists is the primary insurer in this case, and that State Farm and Northlands are liable only for claims in excess of the UM limits of the American Motorists policy. The defendants disagree as to the amount of UM coverage the American Motorists policy provides. An officer of the Xerox Corporation elected to accept from American Motorists the minimum amount of UM coverage allowed by Pennsylvania law: $15,000 per person, and $30,000 per accident. However, State Farm filed a counterclaim against American Motorists, contending that this election was improper under Pennsylvania law, and that the American Motorists policy actually provided $1,000,000 in coverage.

The focus of the coverage dispute is the legal question whether Hawthorne is entitled to the protection of the Pennsylvania Motor Vehicles Financial Responsibility Law, ("MVFRL"), which prohibits an insurer from issuing a policy containing lower UM coverage than liability coverage, 75 Pa.C.S. § 1731(a), unless the insured requests the lower UM coverage in writing. 75 Pa.C.S. § 1734. Plaintiffs and answering defendants argue that since Hawthorne paid premiums for the American Motorists coverage, through monthly deductions in his paycheck, he was entitled to make the election for lower coverage, and since he did not so elect, his UM coverage must be equal to liability coverage provided, or $1,000,000. American Motorists counters that the deductions were simply partial re-imbursement payments to Xerox, which did not make Hawthorne a "named insured" for purposes of § 1734 of the MVFRL.

The parties took their dispute to arbitration on September 28, 1990. Before the hearing, by stipulation of counsel and at the request of counsel for American Motorists, the parties agreed that the arbitration chairman, retired judge, Stanley M. Greenberg, rather than the entire panel, would decide the coverage issues.[1] By letter of October 2, 1990, Judge Greenberg announced that the UM limit of the American Motorists policy was $1,000,000, and that the panel had unanimously agreed to awards of $147,500 to Hawthorne and $18,500 to Powell.

The result of the arbitration is that American Motorists is liable for payment of the entire award. American Motorists now asks this court to vacate Judge Greenberg's decision on the coverage issues, and substitute a ruling that American Motorists is responsible only for $30,000 per accident and $15,000 per person, thus shifting the bulk of financial liability to State Farm and Northlands.

## DISCUSSION

The American Motorists policy provides for arbitration to be conducted in accord with the Pennsylvania Uniform Arbitration Act, 42 Pa.C.S. § 7301–7320. That Act allows judicial review to vacate or modify an arbitration award only in narrowly defined circumstances. *See* 42 Pa.C.S. § 7314,[2]

---

**1.** The American Motorists policy calls for arbitration panels of three, in accord with the Pennsylvania Uniform Arbitration Act, 42 Pa.C.S.A. §§ 7301–7320, and expressly states that "a decision agreed to by two of the arbitrators will be binding". *See also* 42 Pa.C.S.A. § 7306 (powers of arbitrators to be exercised by a majority). However, § 7306 provides that the arbitrators may act by other than a majority if allowed "by the agreement". I deem the agreement by counsel to submit the coverage issue solely to Judge Greenberg to be a modification of the agreement to arbitrate contained in the policy, and that his exercise of authority in reaching this issue was proper under § 7306.

**2.** Section 7314(a)(1) provides that a "court shall vacate an award where:

(i) the court would vacate the award under 7341 (relating to common law arbitration) if this subchapter were not applicable;
(ii) there was evident partiality by an arbitrator appointed as a neutral or corruption or misconduct in any of the arbitrators prejudicing the rights of any party;
(iii) the arbitrators exceeded their powers;
(iv) the arbitrators refused to postpone the hearing upon good cause being shown therefor or refused to hear evidence material to the controversy or otherwise so conducted the hearing, contrary to the provisions of section 7307 (relating to hearing before arbitrators), as to prejudice substantially the rights of a party; or
(iv) there was no agreement to arbitrate and the issue of the existence of an agreement to arbitrate was not adversely determined in

(power to vacate); 42 Pa.C.S. § 7315,[3] (power to modify). The Act does not provide for general review of errors of law and fact. *See Azpell v. Old Republic Insurance Co.,* —— Pa. ——, ——, 584 A.2d 950, 952 (1991); *Popskyj v. Keystone Ins. Co.,* 565 A.2d 1184, 1194 (Pa.Super.1989); *cf.* 42 Pa.C.S. § 7302(d) (allowing review for errors of law and fact in a limited class of cases involving the state or a political subdivision or where arbitration is mandated by law). American Motorists argues that I can review the arbitration decision here because the agreement to arbitrate does not include coverage issues, and because the coverage issues raised involve public policy concerns.

## I. *Agreement to Arbitrate*

█ The American Motorists policy provides for arbitration whenever American Motorists and an insured disagree "whether the insured is legally entitled to recover damages from the owner or driver of an uninsured motor vehicle ... or as to the amount of damages." Because this agreement does not expressly provide for arbitration of coverage issues, American Motorists argues that Judge Greenberg exceeded his powers as an arbitrator when reaching the coverage dispute in this case.

However, § 7314 of the Arbitration Act provides the court with power to vacate, when there is no agreement to arbitrate, only if the issue as to whether there is agreement to arbitrate is raised at the arbitration hearing. Meanwhile, § 7315 provides the court with power to modify, un-

der the same circumstances, only if the matter is "not submitted" to arbitration. It is undisputed that American Motorists submitted the coverage dispute to arbitration, without objecting during the arbitration proceedings to the authority of the arbitrators to resolve the dispute.[4] Thus there would seem to be no basis for judicial review of the scope of the agreement.

█ Further, even were I to exercise review, I would be compelled to find that the arbitration panel had full authority to reach the coverage issues. The Supreme Court of Pennsylvania has ruled that arbitration agreements, such as the one in this case, encompass all disputes between the insurer and insured over UM coverage. *See Brennan v. General Accident Fire & Life,* 524 Pa. 542, 574 A.2d 580 (1990); *see also Sun Insurance Office, Ltd. v. Neff,* No. 90–2395, Slip Op., 1991 WL 22279 (E.D.Pa. Febr. 15, 1991) (available at 1991 U.S.Dist. LEXIS 1925) (interpeting *Brennan*). Judge Greenberg thus had full authority to reach the issue submitted to him. The only question is whether there is some other basis to review the decision.

## II. *Public Policy Review*

Section 7314(a)(1)(i) of the Pennsylvania Arbitration Act gives courts power to review arbitration awards under the act on the same terms as arbitration is reviewable under 42 Pa.C.S. § 7341, which applies to common law arbitration. Section 7341 expressly provides for review only upon clear showing of unfairness, misconduct, or fraud.[5] However, Pennsylvania courts

---

proceedings under section 7304 (relating to court proceedings to compel or stay arbitration) and the applicant-party raised the issue of the existence of an agreement to arbitrate at the hearing."

**3.** Section 7315(a) provides that the court "shall modify or correct the award where:
(1) there was an evident miscalculation of figures or an evident mistake in the description of any person, thing or property referred to in the award;
(2) the arbitrators awarded upon a matter not submitted to them and the award may be corrected without affecting the merits of the decision upon the issues submitted; or
(3) the award is deficient in a matter of form, not affecting the merits of the controversy."

**4.** American Motorists argues only that it objected to arbitral resolution of the coverage dispute at the time the court appointed arbitrators in this case, *see* Order of March 5, 1990, and that it never affirmatively waived its rights to judicial resolution of this matter.

**5.** Section 7341 provides that an award under common law arbitration may not be modified or vacated "unless it is clearly shown that a party was denied a hearing or that fraud, misconduct, corruption or other irregularity caused the rendition of an unjust, inequitable or unconscionable award".

have also exercised review, as a matter of common law, where provisions of an insurance policy are challenged as being contrary to public policy, or to constitutional or statutory mandate. *See United Services Automobile Association Appeal*, 227 Pa.Super. 508, 516, 323 A.2d 737, 741 (1974). The Supreme Court of Pennsylvania has determined that such public-policy review is available in Arbitration–Act cases, as incorporated under § 7314(a)(1)(i). *See Azpell*, —— Pa. at ——, 584 A.2d at 951–52.

Here, American Motorists does not claim that a provision of its policy is contrary to public policy or statute. Rather, American Motorists argues that since the other parties to the arbitration proceeding challenged its policy under the MVFRL, review is proper. However, that a court has authority to review an arbitration award based on a provision contrary to public policy, *see Davis v. Government Employees Insurance Company*, 500 Pa. 84, 88 n. 5, 454 A.2d 973, 975 n. 5 (1982), does not necessarily give the court authority to review an award where the arbitrators themselves refused to apply a provision on public-policy grounds, but did so erroneously. In the former case, judicial review vindicates public policy; in the latter case, judicial review merely corrects legal error. As noted above, sections 7314 and 7315 of the Arbitration Act do not allow judicial review on the basis that an award is contrary to law.

■ However, I need not decide this issue, as I am unable to find that Judge Greenberg, as arbitrator in this case, invalidated a provision of the American Motorists policy on public-policy grounds. In *Azpell*, the Pennsylvania Supreme Court ruled that public-policy review is limited to circumstances where a specific clause of a policy is challenged. *See Azpell*, —— Pa. at ——, 584 A.2d at 952. The fact that an award itself is claimed to be contrary to public policy is insufficient. *Id.*

■ Here Judge Greenberg voided the provision of the American Motorists policy by which Xerox elected lower UM coverage than liability coverage. The reasons for his doing so are not in the record. However, none of the parties to the arbitration proceeding ever suggested that the election provision was on its face contrary to the MVFRL. Indeed, the MVFRL is clear that such elections are proper. *See* 75 Pa.C.S. § 1734. Rather, the answering defendants and the plaintiffs argue that the particular election in this case is invalid, because the party paying the premiums, Rodney Hawthorne, was never consulted. Whether Hawthorne paid premiums for the policy, and whether the MVFRL gives the right to elect lower UM coverage to the party who pays the premiums, are fact and law questions of the type left exclusively for arbitration.

Finding no basis upon which to exercise review to vacate or modify, I must confirm the arbitration award. *See* 42 Pa.C.S. §§ 7314(d), 7315(b).