595 A.2d 176

**Paul BAVERSO, Appellant,**

v.

**STATE FARM INSURANCE COMPANY.**

Superior Court of Pennsylvania.

Argued May 16, 1991.

Filed Aug. 14, 1991.

---

Robert A. Loch, Pittsburgh, for appellant.

John C. Donaher, III, Pittsburgh, for appellee.

Before CAVANAUGH, DEL SOLE and CERCONE, JJ.

CERCONE, Judge:

This is an appeal from the July 2, 1990 order of the Court of Common Pleas of Allegheny County denying the appellant's petition to compel arbitration. We reverse.

Appellant, Paul Baverso, sustained personal injuries when the motorcycle he was driving was involved in an

accident with an underinsured motorist. Baverso settled with the motorist's insurer, and with his insurance carrier which held his underinsurance coverage. He then made a claim with appellee, State Farm Insurance Company, under an automobile insurance policy it had issued to his mother. That policy purports to provide underinsurance coverage to the mother and anyone who lives with her. Appellee denied coverage on the grounds that Baverso was not an "insured" under the policy because he did not live with his mother at the time of the accident. Appellant filed a petition to compel arbitration in the Court of Common Pleas which the lower court denied. This timely appeal followed.

Appellant raises the following questions for our review:

1.  did the trial court erred in finding that the issue of whether the appellant was an "insured" and therefore eligible to receive underinsurance benefits under appellee's automobile insurance policy was beyond the scope of the arbitration provision in the policy and further err in denying appellant's petition to compel arbitration;

2.  did the trial court err in failing to grant appellant's petition for counsel fees incurred for the preparation and presentation of the petition to compel arbitration, where appellee's failure to respond to appellant's demand for arbitration constituted arbitrary and vexatious conduct.

We will address each of these issues *seriatim.*

In its opinion, the lower court determined that it was inappropriate to submit the question of whether appellant was insured under the policy to the arbitration panel. The court reasoned that the policy provisions relating to arbitration presuppose that the claimant is an insured under the policy and that arbitration will occur only if the claimant's status as an insured is not in dispute. The pertinent provisions of the insurance policy in question are as follows:

Section III—Uninsured Motor Vehicle and Underinsured Motor Vehicle

Who is an Insured

Insured—means the person or persons covered by uninsured motor vehicle and underinsured motor vehicle coverage.

This is: ...

   3.  their relatives;

"Relatives" is further defined as follows:

Relative— ... means a person related to you [the insured] or your spouse by blood, marriage or adoption *who lives with you.*  [emphasis added]

The policy's arbitration provisions include the following clauses:

Deciding Fault and Amount

Two questions must be decided by agreement between the insured and us:

   1.  is the insured legally entitled to collect damages from the owner or driver of an uninsured motor vehicle or underinsured motor vehicle;  and

   2.  If so, in what amount?

If there is no agreement, these questions shall be decided by arbitration at the request of the insured or us.  The Pennsylvania Uniform Arbitration Act, as amended from, time to time, shall apply.

The Supreme Court of Pennsylvania has recently discussed the scope of an arbitration hearing relating to an underinsurance provision similar to the one set forth here. In *Brennan v. General Accident Fire and Life Assurance Corporation,* 524 Pa. 542, 574 A.2d 580 (1990), an estate administrator filed suit against an insurer to compel arbitration.  The trial court issued an order compelling arbitration. At the arbitration, the estate administrator proffered a theory of estoppel to recover from the insurer.  The arbitration panel found, however, that estoppel did not preclude the insurer from raising any policy defenses.  The arbitrators also found, that the insurer was liable to the estate in the amount of $30,000.00.  *Id.,* 524 Pa. at 546, 574 A.2d at 581.

Following the award, the insurer filed a petition to vacate the award claiming that the arbitrators exceeded their juris-

diction and/or authority by deciding an issue not before them. Specifically, the insurer argued that the issue of whether it could "set-off" any monies appellant received from third party settlements was beyond the scope of the arbitration. The court of common pleas denied the petition and affirmed the arbitration award. On appeal, this court reversed, holding that the set-off issue was beyond the scope of the arbitration. *Id.*, 524 Pa. at 547, 574 A.2d at 582. Allocatur was subsequently granted by the supreme court which reversed this court. In his learned opinion, Justice Papadakos held that a review of the arbitration clause reveals that arbitration is mandated whenever the insured and the insurer disagree when a party is legally entitled to recover damages. *Id.*, 524 Pa. at 549, 574 A.2d at 583. The court also found that once it is determined that a substantive dispute is arbitrable, the arbitrator normally has the authority to decide all matters necessary to dispose of the claims. *Id.*

Various decisions of this court have applied the holding in *Brennan* to find a variety of issues properly before a panel of arbitrators. In *Anderson v. Erie Insurance Group*, 384 Pa.Super. 387, 558 A.2d 886 (1989), for instance, a panel of this court found that questions relating to the validity of an insurance policy and issues relating to persons covered under the policy were properly before a panel of arbitrators. Citing our supreme court's decision in *Flightways Corp. v. Keystone Helicopter Corp.*, 459 Pa. 660, 331 A.2d 184 (1975), another panel of this court held that even a general attack on an insurance policy for fraud must be decided by the arbitration panel. *Anderson, supra*, 384 Pa.Super. at 394, 558 A.2d at 890.

More recently, a panel of this court held that the type of wording found in *Brennan* creates no limit to the jurisdiction of the arbitrators over what issues may be submitted and that all disputes between the insurance company and the insured will be arbitrated. *Lamar v. Colonial Penn Insurance Company*, 396 Pa.Super. 527, 531, 578 A.2d 1337, 1339 (1990). *See also Nationwide Mutual*

*Insurance Co. v. Pitts,* 400 Pa.Super. 269, 583 A.2d 489 (1990) (wording of insurance policy was broad enough to encompass a requirement that any dispute concerning coverage be referred to arbitration). The reasoning in *Anderson, Flightways,* and *Lamar* applies with equal weight in the present case. While the issue of whether appellant, Baverso, is an insured under the contract is seemingly a prerequisite to arbitration under State Farm's policy, all issues under this type of arbitration clause must be determined by the panel of arbitrators.

In support of its argument for judicial determination of extrinsic matters, appellee cites the decision of the Third Circuit in *Allstate Insurance Company v. Gammon,* 838 F.2d 73 (3rd Cir.1988). In a case directly on point, the court of appeals decided that under Pennsylvania law, an automobile insurer had the right to a judicial interpretation of whether an insured's stepson was a "person insured" under the policy, despite the presence of an arbitration clause. *Id.* at 76. The court found such a determination to be a prerequisite to arbitration. Unfortunately, however, the scholarly court of appeals did not have the benefit of our supreme court's determination in *Brennan* when deciding *Gammon.* Had the court been able to follow *Brennan* and its progeny, we are confident their result would have been different.

In fact, various federal district courts have now applied the *Brennan* holding to find arbitrability of various issues. In *Hawthorne v. Kemper Group,* 758 F.Supp. 296 (E.D.Pa. 1991), the federal district court found the issue of whether the plaintiffs were entitled to coverage under defendant's uninsured motorist policy was properly before a panel of arbitrators. In fact, the insurer expressly argued that plaintiff was not a "named insured" under his employer's policy. *Id.* at 297. The court held the arbitration panel had full authority to reach coverage issues based on *Brennan, supra.*

In *Aetna Casualty & Surety Company v. Hameen,* 758 F.Supp. 1049 (E.D.Pa.1990), the district court found that

questions relating to the maximum amount of coverage available under an insurance policy was within the scope of arbitration proceedings. The court found that *Brennan* grants broad jurisdiction to arbitrators chosen under an arbitration clause virtually identical to the one presented. If the insurer had wished to exclude questions of coverage from the scope of arbitration, it could have specifically done so. *Id.* at 1051.

Similarly, State Farm has characterized the issue presented here as a coverage dispute. We agree with the district court in *Aetna, supra,* that if State Farm wished to exclude this particular issue from arbitration, it could have drafted clear exclusionary language to that effect. If this panel were to find that all questions relating to coverage were properly raised in a judicial proceeding rather than in arbitration, a claimant would be subject to the cumbersome process of litigating issues before a judge. Such a procedure would undoubtedly cost insureds countless amounts of money and time to compel arbitration. This court declines to erect another hurdle for insureds to surmount where the impending result would discourage the submission of claims. The objective of arbitration is to rid the claims process of precisely that tedious procedure. Arbitration allows the parties to arrive at a more expeditious resolution of their disputes without the impediments of judicial suit, such as the ones found in the instant suit. *See Elkins & Co. v. Suplee,* 371 Pa.Super. 570, 538 A.2d 883 (1988) (the courts of this Commonwealth favor the settlement of disputes by arbitration to promote the swift and orderly disposition of claims). We therefore reverse the trial court and remand for entry of an order granting appellant's petition to compel arbitration.

Appellant asks this court to award counsel fees to him in this action resulting from State Farm's vexatious conduct. 42 Pa.C.S.A. § 2503(7). We find no evidence that State Farm's actions were intended to harass the appellant. Nor do we find the methods State Farm employed in this litigation to be oppressive. The primary issue raised here

was ripe for judicial review in this jurisdiction. We therefore find that the trial court did not err in denying an award of counsel fees.

Order of July 2, 1990 vacated and remanded with directives.

Jurisdiction relinquished.