**American States Insurance Co. v. Wineland**

*Timothy J. Burdette,* for plaintiff.
*Richard M. Serbin,* for defendant.

KOPRIVA, *J.,* March 26, 1992—Before this court for disposition are preliminary objections filed by defendants Wineland to the complaint for declaratory judgment of American States Insurance Company. This action commenced in Allegheny County on May 24, 1991. By stipulation of the parties the matter was transferred to Blair County on November 18, 1991.

Plaintiff's request for declaratory judgment arises from an automobile accident which occurred on April 28, 1989. Defendant Virginia Wineland was driver of the family Honda Accord and son Seth was a passenger at the time of the accident. The driver of the other vehicle was Scott Allen Eckenrode. The Wineland vehicle and Eckenrode vehicle were both insured by Erie Insurance Exchange. Erie paid out its policy limit of $50,000 on the Eckenrode vehicle to the Winelands. Thereafter the Winelands instituted underinsured motorist claims against Erie, under their personal policy, and against the instant plaintiff, American States.

American States issued a commercial insurance policy to G.B. Wineland and Sons Inc. Defendant George Wineland III, husband of Virginia and father of Seth, is an officer of said corporation. Defendants' theory of recovery under the American States policy is that Virginia and Seth are third-party beneficiaries of the policy. Plaintiff contends the minor defendant is not an insured under the American States policy and asks for a judicial determination of such.[1]

---

1. Although it is believed defendants intend to pursue damages on behalf of both Virginia and her minor son Seth, the plaintiff herein seeks declaratory judgment as to Seth only.

Defendants filed preliminary objections raising the issue of court jurisdiction. They argue this court has no subject matter jurisdiction because the American States' policy contains an arbitration clause which states as follows:

"If we and an 'insured' disagree whether the 'insured' is legally entitled to recovery damages from the owner or driver of an 'uninsured motor vehicle' or an 'underinsured motor vehicle' or do not agree as to the amount of damages, either party may make a written demand for arbitration."

Defendants contend the arbitration clause is binding and the issue of whether Seth is an insured under the terms of the policy must be decided by a panel of arbitrators and not by the court.

In support of their argument, defendants cite to our Supreme Court's decision in *Brennan v. General Accident Fire and Life Assurance Corp*, 524 Pa. 542, 574 A.2d 580 (1990). The holding in *Brennan* gives a broad interpretation of arbitration clauses[2] in ruling, "there is no limit to the jurisdiction of the arbitrators over what issues may be submitted...." *Brennan, supra,* 574 A.2d at 583.[3] Subsequently the holding of *Brennan* was relied upon in *Baverso v. State Farm Insurance Company,* 407 Pa. Super. 164, 595 A.2d 176 (1991),

---

2. We note the arbitration clause at issue in *Brennan* is virtually identical to the arbitration clause contained in the American States policy.

3. The plaintiff convincingly distinguished the applicability of *Brennan* to the case sub judice. However, the plaintiff failed to acknowledge the existence of *Baverso, infra. Baverso* not only affirms defendants' interpretation of *Brennan,* but contains facts identical to the facts herein.

a case we find to be directly on point with the case sub judice.

In *Baverso,* the appellant, Paul Baverso made a claim for underinsured benefits against a policy issued to his mother. Appellee denied coverage to Baverso on the basis that he was not an insured under the policy definition. Baverso filed a petition to compel arbitration which was denied by the Court of Common Pleas. The issue on appeal in the Superior Court was whether the trial court had erred in finding the issue of whether the appellant was insured under the policy was beyond the scope of the arbitration clause. The trial court was reversed on appeal with the Superior Court finding the issue of coverage to be encompassed within the arbitration clause. The court reasoned as follows: "If State Farm wished to exclude this particular issue from arbitration, it could have drafted clear exclusionary language to that effect." *Baverso, supra,* 595 A.2d at 178.

Finding the arbitration clause in the American States policy to be, for all legal intents and purposes, identical to the clauses in both *Baverso* and *Brennan,* we must sustain the Winelands' preliminary objection. The law is clear that unless the insurance contract specifically excludes the issue of whether an individual is an insured from its arbitration clause, the question is properly one for a panel of arbitrators and not the court. The American States policy does not exclude the issue of coverage from arbitration and therefore this court has no jurisdiction for the purposes of the declaratory judgment action.

Accordingly, we enter the following

## ORDER

And now, March 26, 1992, after conducting oral argument and this court reviewing the controlling case law, it is hereby ordered, directed and decreed defendant's preliminary objections are hereby sustained. The complaint for declaratory judgment is dismissed.