The **HARTFORD INSURANCE COMPANY of The Midwest,** Appellant,

v.

**Laverne GREEN, an individual.**

No. 01–2123.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Feb. 25, 2002.

Opinion filed April 18, 2002.

Before ROTH and FUENTES, Circuit Judges, GIBSON *, Circuit Judge.

OPINION

ROTH, Circuit Judge.

Plaintiff The Hartford Insurance Company of the Midwest (Hartford) appeals the order of the United States District Court for the Eastern District of Pennsylvania, granting defendant Laverne Green's motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6). Hartford sought a declaration in the District Court that the sum of $15,000, which it had previously paid to Green for uninsured motorist benefits, was the maximum benefit owed to Green under the automobile insurance policy issued to her by Hartford. Green filed a motion to dismiss, claiming that the parties agreed to arbitrate disputes regarding uninsured motorist coverage pursuant to the terms of her insurance policy. The District Court found that the parties had agreed to arbitrate the dispute and granted the motion to dismiss. We have jurisdiction over the matter pursuant to 28 U.S.C. § 1291, and we exercise plenary review. See *State Farm Mutual Auto. Insurance v. Coviello,* 233 F.3d 710 (3d Cir.2000).

---

* Honorable John R. Gibson, Senior Circuit Court Judge for the Eighth Circuit, sitting by designation.

The Hartford policy was formerly jointly held by Green and her husband, but Green was substituted as the sole insured in January 1997 due to their impending divorce. No new application for insurance was filed subsequent to the divorce, and Green maintained the same coverage, except for a request that the collision/comprehensive insurance coverage be deleted. Green renewed her policy in June 1997 and June 1998 without any changes to the liability or uninsured motorist limits.

On June 21, 1999, Green was involved in an automobile accident with an uninsured motorist. As a result of the accident, Hartford paid Green the sum of $15,000, the maximum limit of uninsured motorist coverage under her policy. Green claims that her uninsured motorist benefits should not be $15,000 per person and $30,000 per accident, but should be the same as her liability insurance limits, $100,000 per person and $300,000 per accident. Green argues that she is entitled to the higher level of benefits because Hartford failed to obtain her waiver of reduced benefits when the policy was transferred to her as the sole insured. She contends that Hartford failed to abide by the notice provisions of the Pennsylvania Motor Vehicle Financial Responsibility Law regarding uninsured and underinsured motorists. To resolve this question, Hartford brought its action for a declaratory judgment.

Hartford contends that, despite the arbitration clause in the policy, because the parties' dispute involves the question whether the policy violates a constitutional, legislative, or administrative mandate, a court, not an arbitrator, must resolve the dispute. Hartford cites *Warner v. Continental/CNA Insurance Co.*, 455 Pa.Super. 295, 688 A.2d 177 (1996), alloc. denied, 548 Pa. 660, 698 A.2d 68 (1997), for this proposition. Hartford claims that Green's argument calls into question whether the policy complies with legislative mandate. As we noted in *Nationwide Ins. Co. v. Patterson*, the vast majority of District Court decisions applying Pennsylvania law have held that questions concerning the extent of coverage under an insurance policy are within the scope of an arbitration clause unless there is language in the clauses that explicitly excludes coverage issues from the scope of arbitration. *Nationwide Ins. Co. v. Patterson*, 953 F.2d 44, 46 (3d Cir. 1991). Many of those cases relied on *Brennan v. General Accident Fire & Life*, 524 Pa. 542, 574 A.2d 580 (1990), in which the Pennsylvania Supreme Court broadly interpreted the jurisdictional scope of arbitration when the insurance policy sets down the terms for arbitration and the dispute falls within those terms.

In applying the Brennan decision, both state and federal courts in Pennsylvania have held that the issue whether the insurer permitted the insured a choice regarding uninsured and underinsured motorist coverage was a question for arbitration. See *Hartford v. O'Mara*, 123 F.Supp.2d 834 (E.D.Pa.2000); *Lamar v. Colonial Penn Insurance Co.*, 396 Pa.Super. 527, 578 A.2d 1337 (1990).

Based on the facts of this case, we find that the District Court made a proper assessment of Pennsylvania law. Given the broad jurisdictional scope of arbitration dictated by Brennan, the court properly held that the uninsured motorist coverage at issue was an issue for arbitration. Furthermore, there was no language in the insurance policy explicitly excluding uninsured motorist coverage issues from arbitration.

For the foregoing reasons, we will affirm the judgment of the District Court.

## JUDGMENT

This case came on to be heard on the record before the United States District

36

Court for the Eastern District of Pennsylvania and was submitted pursuant to Third Circuit LAR 34.1(a) on February 25, 2002;

On consideration whereof, IT IS ORDERED AND ADJUDGED by this Court that the judgment of the District Court dated April 18, 2001, be and the same is hereby affirmed. Costs taxed against appellant. All of the above in accordance with the opinion of this Court.