574 A.2d 580

**William J. BRENNAN, III, Administrator of the Estate of William J. Brennan, Jr. and William J. Brennan, III, Administrator of the Estate of Evelyn Brennan, Appellant,**

v.

**GENERAL ACCIDENT FIRE AND LIFE ASSURANCE CORPORATION, LTD., Appellee.**

Supreme Court of Pennsylvania.

Argued Jan. 22, 1990.

Decided April 27, 1990.

1. 13 Pa.C.S.A. §§ 2101–2725.

Richard F. Furia, James M. Turner, Jr., Philadelphia, for appellant.

Joseph P. Connor, III, Paoli, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA, PAPADAKOS and CAPPY, JJ.

## OPINION OF THE COURT

PAPADAKOS, Justice.

This is an appeal from an order of the Superior Court which reversed the judgment of the Court of Common Pleas of Delaware County. The Common Pleas Court affirmed a decision of the Board of Arbitrators who entered an award in favor of William J. Brennan, III, Administrator of the Estate of William J. Brennan, Jr., (Appellant), and against General Accident Fire and Life Assurance Corporation, LTD., (Appellee), in the sum of $15,000.00, and for an award entered in favor of William J. Brennan, III, Administrator of the Estate of Evelyn Brennan, (Appellant), and against General Accident Fire and Life Assurance Corporation, LTD., (Appellee), in the sum of $15,000.00.

William J. Brennan and Evelyn M. Brennan died in 1979 as a result of an automobile accident caused by Joseph Gehling. Gehling's insurance carrier, Harleysville Insurance Company, paid its policy limits in the amount of $30,000.00 to the Brennans' Estate. [$15,000.00 in settlement of each claim.] The Brennans had a motor vehicle

insurance policy with Appellee which provided for underinsured motorist coverage in the amount of $30,000.00. Appellant made numerous attempts to effect an amicable settlement with the Appellee for the fatal injuries sustained by the decedents, but Appellee refused to make any payment, claiming that its policy allowed it to "setoff" any monies received by its insured from a third party settlement.

The policy in question contained an agreement providing for arbitration in the event an amicable settlement could not be reached. When it became apparent that the parties were at an impasse, Appellant invoked the arbitration provision and instructed Appellee to appoint an arbitrator. Appellee ignored this request, and the Appellant filed a Petition to Enforce Arbitration Agreement with the Common Pleas Court of Delaware County. On March 13, 1981, Judge R. Barclay Surrick granted the Petition and issued an order directing the Appellee to proceed to common law arbitration in accordance with the provisions of the insurance policy.

Appellee immediately filed a Notice of Appeal with the Superior Court of Pennsylvania. The Superior Court quashed the appeal as premature. *Brennan v. General Accident Fire and Life Assurance Corp. LTD.*, 307 Pa.Superior Ct. 288, 453 A.2d 356 (1982). An arbitration hearing was then scheduled.

In preparation for the arbitration hearing, memoranda of law were submitted by both parties. Appellant's memorandum of law raised two issues: the first issue related to the doctrine of estoppel—Appellants argued they were entitled to the limit of the underinsurance policy, ($30,000.00), because of a misrepresentation by one of Appellee's agents that was relied upon to its detriment; and the second issue concerned the possible awarding of delay damages as contemplated by Pa.R.C.P. 238. The parties agreed that in the absence of a finding of estoppel by the arbitrators, the limit of liability clause in the subject insurance policy would preclude the Appellants from recovering anything from the Appellee. The parties stipulated that there were two separate claims for injuries involved in this matter, which result-

ed in the death of William J. Brennan, Jr., and Evelyn Brennan, that each claim has a value of at least $60,000.00 and that the carrier for the under insured tort-feasor has paid its policy limit of $30,000.00 or $15,000.00 in settlement of each claim. No other agreements were made. The arbitration hearing was then held.

Two of the arbitrators on the panel found that the doctrine of estoppel did not preclude the Appellee from raising any defenses it had under its policy. Further, the arbitrators found that if each claim was considered separately, as was appropriate, and Appellee was given the reductions mandated by the policy, Appellee still remained liable for $15,000.00 for each claim or for a total of $30,000.00 which represented the policy limits on underinsurance. Additionally, although counsel for the Appellants under the policy indicated the issue before the Board was estoppel, with respect to Appellee's claims investigator, the Board concluded that it was required to consider the facts, terms, and provisions of the policy, and the applicable law, in order to reach a fair and just decision, even if a particular issue was not pursued or raised by counsel. And finally, the arbitrators noted they were to act as the final judge of the law and fact with respect to those issues within the scope of the arbitration clause:

> Any issue relating to coverage is within the purview of the arbitration clause. *Hade v. Nationwide Insurance Co.*, 349 Pa.Superior Ct. 541, 503 A.2d 980 (1986).[1]

The third arbitrator dissented, finding:

> ... that the only question to be presented to the arbitrators was whether Appellee ... was estopped from raising defenses in its policy. Once this issue was decided in favor of Appellee, there was nothing left to further consider.

Following the award, Appellee filed a petition to vacate the award of the arbitrators in the Court of Common Pleas of Delaware County, and in response the Appellant filed

---

1. The *Hade* court derives its holding from the holding of this Court in the case of *National Grange Mutual Insurance Co. v. Kuhn*, 428 Pa. 179, 236 A.2d 758 (1968).

preliminary objections. Appellee wished to set aside the award and opinion of the arbitrators by claiming the arbitrators exceeded their jurisdiction and/or authority and decided an issue not submitted to them. The lower court simultaneously denied the Appellee's petition and the Appellant's preliminary objections, and judgment was entered affirming the award of the arbitrators.

Appellee then appealed to the Superior Court and argued that the "setoff" issue was waived because it was not presented to the arbitration panel and that the arbitrators had exceeded their scope of authority. In a memorandum opinion, the Superior Court agreed with the Appellee and found that the arbitrators' consideration of the issue of "setoff" constituted an action outside their scope of authority, because arbitrators do not have the authority to decide questions not submitted by the parties. They further held, that the arbitrators at bar exceeded the parameters of their power in awarding underinsurance benefits to the Appellants. The Superior Court affirmed that portion of the arbitration award which found no delay damages and the estoppel issue inapplicable; but vacated the portion of the award which determined that the estate was entitled to benefits notwithstanding the "setoff" provision of the policy.

Consequently, the Administrator of these estates, Appellant herein, sought further review in this court and argues that arbitrators are empowered to determine all questions necessary to a resolution of the disputes between parties and in this case that the arbitrators had the authority to decide the issue of "setoff" here.

The arbitration agreement in question is contained in the underinsured motorist provision of the insurance policy issued by the Appellee and sets forth the jurisdiction of the arbitrators.

The policy language relevant to this issue provides:

"ARBITRATION"

**If we and the covered person disagree whether that person is legally entitled to recover damages from the**

owners or operator of an underinsured motor vehicle, or do not agree as to the amount of damages, either party may make a written demand for arbitration. In this event each party will select an arbitrator. The two arbitrators will .select a third. If they cannot agree within thirty days, either may request that selection be made by a judge of a court having jurisdiction.

Unless both parties agree otherwise, arbitration will take place in the county and state in which the covered person lives. Local rules of law as to procedure and evidence will apply. **A decision agreed to by two of the arbitrators will be binding.** (Emphasis added)

Initially, we endorse the trial court's conclusion that the agreement with which we are here involved is governed by the law covering common law arbitration, 42 Pa.C.S.A. 7341 et seq., and not the Pennsylvania Uniform Arbitration Act.[2] The test for determining which law governs an arbitration agreement is set forth in *Wingate Construction Co. v. Schweizer Dipple Inc.,* 419 Pa. 74, 213 A.2d 275 (1965), as follows:

In order to determine whether an arbitration is one at common law or under the the Arbitration Act, we examine the language in the contract and the procedure followed during the arbitration. . . . the contract does provide that awards shall be binding. The provision making the award final is, of course, inconsistent with the Pennsylvania Arbitration Act, which permits broad judicial review of the arbitration award, while common law arbitration is reviewable only for fraud, misconduct, or some type of irregularity which caused the arbitrators to issue an unjust, inequitable, and unconscionable award.

■ As in *Wingate,* the arbitration agreement in the instant case does not call for arbitration under the Pennsyl-

2. Act of April 25, 1927, P.L. 381, No. 248, as amended, 5 P.S. § 161, et seq. The Act of 1927 was repealed by the JARA Continuation Act of 1980, Act of October 5, 1980, P.L. 693, No. 142, 501(c), effective in 60 days. Statutory Arbitration is now provided for by the Judicial Code, 42 Pa.C.S.A. §§ 7301–7320.

vania Uniform Arbitration Act, but it does provide that a decision of the arbitrators is binding.

Also, it is well settled that the Arbitration Act of 1927 did not abolish the applicability of common law rules to enforcement of agreements to arbitrate. *John A. Robbins Toy Co., Inc. v. Airportels, Inc.,* 418 Pa. 257, 210 A.2d 896 (1965). Therefore, the parties are free to designate that either the statutory or common law rules shall apply. When the agreement is silent, common law rules control the enforcement of the award, unless the parties subsequently agree, expressly or impliedly, to apply the Act. *Robbins,* supra. Since there is no indication in the subject arbitration agreement that the parties intended the Pennsylvania Arbitration Act to apply and there is no subsequent express or implied agreement to use the Act, our common law controls.

■ A review of the language of the arbitration clause reveals that arbitration is mandated whenever the insured and the insurer disagree as to when a party is legally entitled to recover damages. There is no limit to the jurisdiction of the arbitrators over what issues may be submitted and in fact the policy declares that all disputes between the insurance company and the insured will be arbitrated. The instant dispute, in its broadest sense, involves a disagreement as to the amount of damages which Appellant would and could possibly receive under the policy. This court has held, since the insurance policy was written by the Appellee, any ambiguity will be interpreted against the Appellee. *National Grange Mutual Insurance Co. v. Kuhn,* 428 Pa. 179, 236 A.2d 758 (1968). Given the broad scope of authority given the arbitrators, we have little difficulty in concluding that the dispute herein is a matter specifically within the scope of the arbitration clause.

■ On a previous occasion, our Superior Court has held that once it is determined that a substantive dispute is arbitratable, normally the arbitrator has the authority to decide all matters necessary to dispose of the claim. *Giant Markets Inc. v. Sigma Marketing Systems, Inc.,* 313 Pa.Su-

perior Ct. 115, 459 A.2d 765 (1983). We agree with our Superior Court and find this dispositive of Appellant's claim. It is settled law in Pennsylvania that unless restricted by the submission, the arbitrators are the final judges of law and fact and their award will not be disturbed for mistake of either. *Sley System Garages v. Transport Workers Union of America*, 406 Pa. 370, 178 A.2d 560 (1962); *Newspaper Guild of Greater Philadelphia v. Philadelphia Daily News, Inc.*, 401 Pa. 337, 346, 164 A.2d 215, 220 (1960). In these cases the "submission" meant the contract taken as a whole: the agreement between the parties to refer all matters of dispute to arbitration and to be bound by the result.

The dispute at issue here was in regard to whether or not the Appellee owed the Appellant for a claim of underinsurance motorist coverage. Although Appellant argued an estoppel issue, this did not preclude argument relating to the "setoff" issue. Appellee contended throughout the arbitration hearing that it did not owe the Appellant any money under a theory of estoppel or under a theory of "setoff". The panel in this instance exercised its discretion, reached the merits of this question, and found that the Appellant had a right to recover under the policy. We perceive no error or impropriety in such conduct, or prejudice to Appellee especially since it defended its "setoff" position at the arbitration hearing.

Common law arbitration is reviewable only for fraud, misconduct, or some type of irregularity which caused the arbitrators to issue an unjust, inequitable, and unconscionable award. *Wingate Construction Co., supra.* This court has found none of the above regarding the arbitrators' decision to reach the "setoff" issue and dispose of the issues between the parties.

The order of the Superior Court is reversed and the judgment of the arbitrators is reinstated.

NIX, C.J., files a concurring opinion.

NIX, Chief Justice, concurring.

The basic principle involved in this matter is that ambiguous terms of an agreement should be strictly construed against the author of the agreement. Applying that principle here, I agree with the majority's conclusion that the insurance policy authored by appellee did not foreclose the use of common law rules to enforce arbitration clauses because of the ambiguity of the language relied upon to assert otherwise. Under the common law, arbitrators are the final judges of law and fact unless expressly restricted by the submission. Without such an express restriction in this policy, I would concur in the majority's reversal of the Superior Court's order and reinstate the judgment of the arbitrators.