AETNA CASUALTY & SURETY COMPANY

v.

Najeebah HAMEEN.

Civ. A. No. 90-7074.

United States District Court, E.D. Pennsylvania.

Nov. 28, 1990.

Daniel J. O'Brien, Philadelphia, Pa., for plaintiff.

---

Francis X. Dochney, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

VANARTSDALEN, Senior District Judge.

Plaintiff Aetna Casualty & Surety Company (Aetna) has filed this action seeking a declaratory judgment concerning the limits of coverage in an uninsured motorist policy that it wrote for the defendant Najeebah Hameen. Defendant has filed a motion to dismiss which plaintiff opposes. For the reasons described in this memorandum, I will grant defendant's motion.

### A. BACKGROUND

Aetna issued an automobile insurance policy to Hameen which provided for uninsured motorist coverage. As a result of an alleged accident on July 17, 1989, Hameen has made an uninsured motorist claim under the Aetna automobile insurance policy. Aetna and Hameen dispute the amount of coverage that she is entitled to under the policy. Aetna asserts that the limits of coverage are $15,000/$30,000.00; Hameen counters that the upper limits of coverage under the policy are $100,000/$300,000.00.

Aetna filed the present declaratory judgment action based on diversity jurisdiction. Both parties agree that Pennsylvania law applies to this case. Aetna seeks a declaration that the maximum amount that plaintiff may be awarded is $15,000, and that Aetna's maximum exposure in the underlying uninsured motorist claim is $15,000.00.

Hameen has filed a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Hameen argues that the insurance policy contains an arbitration clause requiring that the present dispute be submitted to a panel of arbitrators. Hameen has attached a copy of the arbitration agreement as Exhibit A to her brief. The exact language of the arbitration clause reads as follows:

If we and a **covered person** do not agree:

1. Whether that person is legally entitled to recover damages under this Part; or

2. As to the amount of damages; either party may make a written demand for arbitration.... A decision agreed to by two of the arbitrators [of a panel of three] will be binding as to:

1. Whether the **covered person** is legally entitled to recover damages; and

2. The amount of damages.

*See* Exhibit A to Brief of Defendant in Support of Defendant's Motion to Dismiss under Federal Rule of Civil Procedure 12(b) (emphasis in original).

In its answer to Hameen's motion, Aetna does not deny that the policy contains the quoted arbitration agreement. Rather, Aetna argues that the two issues covered by the arbitration agreement (fault and amount) are not raised by this action for declaratory judgment which concerns only coverage. Aetna asserts that questions of coverage are proper for judicial resolution and cites two Third Circuit cases and one from the Eastern District of Pennsylvania in support of its argument. *See Prudential Property and Casualty Ins. Co. v. Pendleton,* 858 F.2d 930 (3d Cir.1988); *LaCourse v. Firemen's Ins. Co. of Newark, N.J.,* 756 F.2d 10 (3d Cir.1985); *Nonemacher v. Aetna Casualty and Surety Co.,* 710 F.Supp. 602 (E.D.Pa.1989).

### B. SCOPE OF THE ARBITRATION AGREEMENT

The cases cited by Aetna, as well as other Third Circuit cases, are all diversity cases applying Pennsylvania law. *See Metropolitan Property and Liab. Ins. Co. v. Streets,* 856 F.2d 526 (3d Cir.1988); *Myers v. State Farm Ins. Co.,* 842 F.2d 705 (3d Cir.1988). They clearly hold that under Pennsylvania law, questions of coverage are subject to judicial determination, not arbitration. While these cases correctly reflect the state of Pennsylvania law at the time they were decided, the courts did not then have the guidance of a ruling by the Pennsylvania Supreme Court on this issue. *Streets* notes that prior decisions are controlling "unless [they] have been under-

mined by subsequent developments." *Streets* at 529.

On April 27, 1990, the Pennsylvania Supreme Court addressed the question of exactly what matters are encompassed by an arbitration agreement in an automobile insurance policy in *Brennan v. General Accident Fire and Life Assurance Corp.*, 524 Pa. 542, 574 A.2d 580 (1990). That case concerned the insurance company's ability to "set-off" any payments the insured received from a third party settlement, thus lowering the amount of underinsurance coverage provided by the insurance company's policy.

The policy language in *Brennan* stated that:

ARBITRATION

**If we and the covered person disagree whether that person is legally entitled to recover damages from the owners or operator of an underinsured motor vehicle, or do not agree as to the amount of damages, either party may make a written demand for arbitration.... A decision agreed to by two of the arbitrators will be binding.**

*Brennan*, 524 Pa. at 547–48, 574 A.2d at 582 (emphasis in original). The language interpreted by the Pennsylvania Supreme Court in *Brennan* is virtually identical to the language in the Aetna policy at issue, except that *Brennan* concerned underinsured, rather than uninsured, motor vehicles, a distinction unimportant to the underlying legal analysis.

In *Brennan* the Pennsylvania Supreme Court held:

A review of the language of the arbitration clause reveals that arbitration is mandated whenever the insured and the insurer disagree as to when a party is legally entitled to recover damages. There is no limit to the jurisdiction of the arbitrators over what issues may be submitted and in fact the policy declares that all disputes between the insurance company and the insured will be arbitrated. The instant dispute, in its broadest sense, involves a disagreement as to the amount of damages which Appellant [the insured] would and could possibly receive under the policy. This court has held, since the insurance policy was written by Appellee [the insurance company], any ambiguity will be interpreted against Appellee. *National Grange Mutual Insurance Co. v. Kuhn*, 428 Pa. 179, 236 A.2d 758 (1968). Given the broad scope of authority given the arbitrators, we have little difficulty in concluding that the dispute herein is a matter specifically within the scope of the arbitration clause.

*Brennan*, 524 Pa. at 549, 574 A.2d at 583.

Lower Pennsylvania courts have followed the decision in *Brennan* and have referred disputes concerning the limits of coverage to arbitration in cases with virtually identical arbitration clauses. *See Lamar v. Colonial Penn Ins. Co.*, 396 Pa.Super. 527, 578 A.2d 1337 (1990) (suit involved limits of underinsurance coverage; opinion filed August 28, 1990). A computer search of federal cases decided after April 27, 1990 discovered several district court opinions which touched upon this issue, but none of which discussed *Brennan*. *See, e.g., Aetna Casualty and Surety Co. v. Kelly*, 1990 WL 162134 (E.D.Pa., C.A. No. 90–3542, October 23, 1990); *Berger v. Vigilant Ins. Co.*, 1990 WL 99171 (E.D.Pa., C.A. No. 90–1152, July 11, 1990); *West Am. Ins. Co. v. Park*, 1990 WL 87284 (E.D.Pa., C.A. No. 90–1266, June 18, 1990).

■ In a diversity case applying Pennsylvania law, when the Pennsylvania Supreme Court has clearly enunciated the legal standard subsequent to Third Circuit decisions predicting Pennsylvania law, I am required to follow the opinion of the Pennsylvania Supreme Court. *Brennan* grants broad jurisdiction to arbitrators chosen under an arbitration clause virtually identical to the one in Hameen's policy. Aetna wrote the policy, thus it will be construed against Aetna, as noted in the *Brennan* opinion. If Aetna had wished to exclude questions of coverage from the scope of the arbitration, it could have specifically done so. Having neglected to include a phrase so providing, Aetna cannot complain when courts hold that "amount of damages" encompasses decisions about the

maximum amount of coverage available under the policy.

## C. CONCLUSION

Under Pennsylvania law, the arbitration agreement in dispute here requires that disputes about coverage limits be submitted to the arbitrators. Accordingly, I will grant defendant's motion to dismiss.