583 A.2d 489

**NATIONWIDE MUTUAL INSURANCE COMPANY, Appellee,**

v.

**Juanita PITTS, Appellant.**

Superior Court of Pennsylvania.

Argued Aug. 21, 1990.

Filed Dec. 14, 1990.

Barry A. Rosen, Philadelphia, for appellant.

William Kennedy, Philadelphia, for appellee.

Before CIRILLO, President Judge and MONTEMURO and MONTGOMERY, JJ.

MONTGOMERY, Judge:

The instant declaratory judgment action was filed by the plaintiff-appellee, Nationwide Mutual Insurance Company, seeking a determination of whether or not the defendant-appellant, Juanita Pitts, had an entitlement to certain uninsured motor vehicle insurance benefits under her policy issued by the plaintiff. The defendant filed preliminary objections, which were denied by the trial court. In addition to dismissing the defendant's preliminary objections, the trial court certified that its order involved a controlling question of law as to which there is a substantial ground for difference of opinion and also stated that an immediate appeal from the order may materially advance the ultimate termination of the matter. Subsequently, our court granted the defendant permission to proceed with this appeal. After review, we conclude that the trial court erred in denying the defendant's preliminary objections.

The record shows that defendant was a passenger who was injured in a motor vehicle accident which occurred in

July, 1984. Her injuries were very significant. In December, 1986, she accepted the tender of the full amount of the driver's bodily injury liability insurance coverage. Thereafter, the defendant made a claim against plaintiff insurer for benefits under her policy's underinsured motorist vehicle coverage. The parties were unable to resolve the defendant's underinsured motorist claim, and she elected to proceed with arbitration. The Nationwide policy included the following arbitration provisions, applicable to underinsurance claims disputes:

If we and the insured do not agree about the insured's right to recover damages or the amount of damages, the following arbitration procedure will be used:

After written demand for arbitration by either party, each party will select a competent and disinterested arbitrator. The two so selected will select a third. If selection of the third arbitrator cannot be agreed upon within 30 days, the insured or the company may request that selection be made by a Judge of a Court of Record in the County and State in which arbitration is pending. Each party will pay its chosen arbitrator and bear equally expenses for the third and all other expenses of arbitration.

When the insurer did not respond by naming its own arbitrator, the defendant instituted a proceeding in the Court of Common Pleas of Philadelphia County to compel the appointment of an arbitrator by the insurer. The lower court granted the defendant's request and ordered Nationwide to appoint an arbitrator to proceed with the arbitration process. Nationwide appointed an arbitrator and the two arbitrators designated by the parties selected a third arbitrator, in accordance with the policy's arbitration provisions.

After such procedures were complete, but before any arbitration hearing was held, Nationwide instituted the instant declaratory judgment action, seeking a determination that it was not contractually bound to provide underinsured motorist coverage with regard to the defendant's July, 1984 injuries. Ms. Pitts filed the preliminary objections, contend-

ing that the arbitration clause pertaining to underinsured motorist coverage in the Nationwide policy made it improper for the insurer to seek the court's interpretation of the provisions of the underinsured motorist provisions of the policy. She maintained that the arbitration provisions of the policy mandated that such issues be presented to the arbitrators, and sought the dismissal of the declaratory judgment action.

In dismissing the defendant's preliminary objections, the trial court held that it could entertain the declaratory judgment action to address the applicability of insurance policy provisions claimed to be contrary to legislative or administrative intent, or against public policy. When it did so, in November, 1988, the trial court relied upon 1987 and 1982 appellate decisions which appeared to support its conclusions.

At that time, the trial court did not have the benefit of the guidance provided by the Supreme Court of Pennsylvania in its decision in *Brennan v. General Accident Fire and Life Assurance Corporation, Ltd.*, 524 Pa. 542, 574 A.2d 580 (1990). In that case, the Supreme Court reversed a Superior Court decision which had held that a panel of arbitrators which considered an underinsured motorist claim had exceeded its jurisdiction in deciding an issue which had previously been agreed by the parties to not be in dispute. In *Brennan*, the Supreme Court issued its ruling based upon an insurance policy arbitration provision which was similar in scope to the provision in the insurance agreement before us in the instant case. In discussing the category of disputes which must be referred to arbitration under such an insurance policy provision, the Supreme Court stated:

A review of the language of the arbitration clause reveals that arbitration is mandated whenever the insured and the insurer disagree as to when a party is legally entitled to recover damages. *There is no limit to the jurisdiction of the arbitrators over what issues may be submitted and in fact the policy declares that all disputes*

*between the insurance company and the insured will be arbitrated.* The instant dispute, in its broadest sense, involves a disagreement as to the amount of damages which Appellant would and could possibly receive under the policy. The court has held, since the insurance policy was written by the Appellee, any ambiguity will be interpreted against the Appellee. *National Grange Mutual Insurance Co. v. Kuhn*, 428 Pa. 179, 236 A.2d 758 (1968). Given the broad scope of authority given the arbitrators, we have little difficulty in concluding that the dispute herein is a matter specifically within the scope of the arbitration clause. 524 Pa. at 549, 574 A.2d at 583. (Emphasis added.)

For a similar ruling on the same point, see the opinion of our court in *Lamar v. Colonial Penn Insurance Co.*, 396 Pa.Super. 527, 578 A.2d 1337 (1990).

Because the wording of the insurance policy in dispute in this case must be considered broad enough to encompass a requirement that any dispute concerning underinsurance coverage be referred to arbitration, we must rule that the trial court improperly dismissed the defendant's preliminary objections. Given the scope of the arbitration provision, the arbitrators appointed pursuant to the policy terms clearly have the jurisdiction to consider the issues raised by the plaintiff insurer in its declaratory judgment action.

The order of the trial court is reversed, and the declaratory judgment action filed by the plaintiff-appellee is dismissed. Jurisdiction is relinquished.