## Amerisure Insurance Co. v. Scheurich

*Paul W. Grego,* for plaintiff.

*William E. Haggerty,* for defendants David Scheurich and Jan Scheurich.

STENGEL, *J.,* August 22, 1991—On May 19, 1988, David Scheurich was involved in an automobile accident resulting in serious personal injuries to him. That accident occurred when Claude Basler's vehicle struck Scheurich's pickup truck in the rear. Basler, who has primary coverage through State Farm Insurance Company with limits of $100,000 per person, also has a personal umbrella liability policy with R.L.I. Insurance Company in the amount of $250,000 to $1 million. Plaintiff Amerisure Insurance Company is the underinsured motorist carrier for David and Jim Scheurich.

The Scheuriches made a claim against Amerisure for benefits under their policy's underinsured motorist coverage. The parties were unable to resolve the underinsured motorist claim and defendants elected to proceed with arbitration. When Amerisure did not respond by naming its arbitrator, the Scheuriches instituted a proceeding in the Court of Common Pleas of Lancaster County, docketed to no. 5383-1990, to compel the appointment of an arbitrator. An order was entered by this court directing Amerisure to appoint an arbitrator to proceed with the arbitration process. Amerisure appointed an arbitrator and the two arbitrators designated by the parties selected a third arbitrator.

Before the arbitration hearing was held, plaintiff filed this action for declaratory judgment asking the court to order that the Scheuriches are barred from seeking underinsured motorist benefits for the "gap" between State Farm's primary coverage of $100,000 and R.L.I.'s umbrella policy which starts at $250,000.

The legal issue here is whether the arbitration panel selected by the parties should determine if the underinsured motorist carrier is responsible for a "gap" in coverage or whether this issue should be determined by the court in this declaratory judgment action.

The Scheuriches filed preliminary objections to plaintiff's declaratory judgment complaint contending that jurisdiction over the subject matter is vested exclusively in the arbitrators. They argue that this court has no jurisdiction to determine if the underinsured motorist carrier is responsible for this "gap" in coverage.

The language of the policy is the starting point for a discussion of the rights and responsibilities of the parties. Amerisure's policy outlines the nature and extent of coverage afforded to the Scheuriches. The policy contains an arbitration clause which states, in relevant part:

"If *we* and an *insured* disagree whether the *insured* is legally entitled to recover damages from the owner or driver of an *uninsured motor vehicle* or an *underinsured motor vehicle* or do not agree as to the amount of damages, either party may make a written demand for arbitration."

The crucial question is whether this policy language renders the "coverage gap" subject to arbitration. In *Brennan v. General Accident Fire and Life Assurance Corp. Ltd.,* 524 Pa. 542, 574 A.2d

580 (1990), the Pennsylvania Supreme Court addressed a similar issue when it considered an arbitration clause similar in scope to the clause in this case. The policy in *Brennan* provided, in relevant part: "If we [the insurer] and the covered person disagree whether that person is legally entitled to recover damages from the owners or operator of an underinsured motor vehicle, or do not agree as to the amount of damages, either party may make a written demand for arbitration." *Brennan* at 547-548, 574 A.2d at 582.

In discussing the category of disputes which must be referred to arbitration under such an insurance policy provision, the Supreme Court declared:

"A review of the language of the arbitration clause reveals that arbitration is mandated wherever the insured and the insurer disagree as to when a party is legally entitled to recover damages. *There is no limit to the jurisdiction of the arbitrators over what issues may be submitted and in fact the policy declares that all disputes between the insurance company and the insured will be arbitrated.* The instant dispute, in its broadest sense, involves a disagreement as to the amount of damages which appellant would and could possibly receive under the policy. This court has held, since the insurance policy was written by the appellee, any ambiguity will be interpreted against the appellee. . . . Given the broad scope of authority given the arbitrators, we have little difficulty in concluding that the dispute herein is a matter specifically within the scope of the arbitration clause." (emphasis added) 524 Pa. at 549, 574 A.2d at 583.

The Supreme Court concluded in *Brennan* that the agreement to arbitrate disputes over "amount of damages" is to be fairly read to include not only

disputes over the amount of damages sustained, but also disputes over the amount of damages recoverable under the policy. See also, *Continental Insurance Co. v. Dorsey, no. 91-0789 slip op. (E.D.Pa., May 28, 1991) (available at 1991 W.L. 96499 (E.D. Pa.); Aetna Casualty & Surety Co. v. Hameen,* 758 F. Supp. 1049 (E.D. Pa. 1990); *Nationwide Mutual Insurance Co. v. Pitts,* 400 Pa. Super. 269, 583 A.2d 489 (1990); *Lamar v. Colonial Penn Insurance Co.,* 396 Pa. Super. 527, 578 A.2d 1337 (1990).

In this case, one of the issues involves the extent of underinsured coverage. The specific question is whether the underinsured coverage should fill in the gap between the basic policy and the umbrella. Stated another way, does the fact of a "gap" in coverage really mean that the Scheuriches are "underinsured" for the amount between $100,000 and $250,000? This is a question properly placed before the arbitrators.

Accordingly, we enter the following

## ORDER

And now, August 22, 1991, upon consideration of the preliminary objections of defendants David and Jan Scheurich, the briefs filed by the parties and the arguments of counsel, it is hereby ordered that defendants' preliminary objections are granted. Plaintiff Amerisure Insurance Company's action for declaratory relief is hereby dismissed because issues raised in the complaint should be determined by the panel of arbitrators appointed by the parties under the applicable insurance policy.