624 A.2d 187

**Thomas W. HOERST and Barbara Hoerst, Appellees,**

**v.**

**PRUDENTIAL PROPERTY AND CASUALTY INSURANCE COMPANY, Appellant. (Two Cases)**

Superior Court of Pennsylvania.

Argued March 3, 1993.

Filed April 28, 1993.

Brian D. Boyle, Philadelphia, for appellant.

Bernard M. Gross and Lee Albert, Philadelphia, for appellees.

Before CAVANAUGH, BECK and HUDOCK, JJ.

HUDOCK, Judge:

■ Appellant (Prudential) labels its appeals as from the order granting Appellees' (The Hoersts') petition to confirm the arbitrators' award and from the order confirming the award. We note that these are not final appealable orders; however, judgment was entered on July 1, 1992, in favor of The Hoersts in the amount of $83,000, which was the amount awarded by the panel of arbitrators. We will, therefore,

consider this appeal as having been taken from the entry of that judgment. We affirm.

The facts as summarized by the trial court are as follows:

Plaintiff Thomas [W.] Hoerst initiated a claim for Uninsured Motorist Benefits (UMI) against defendant Prudential Property & Casualty Insurance Company for injuries sustained in an automobile accident which occurred on November 28, 1990. An Uninsured Motorist Arbitration Hearing was held on March 24, 1992. At that hearing, the plaintiff introduced into evidence the Declarations Page for the applicable insurance policy showing Bodily Injury Coverage of $50,000 and Uninsured Motorist Coverage of $25,000. The policy covered two cars.

The Arbitration Panel entered an award on March 25, 1992, for $83,000 against defendant Prudential Property & Casualty Insurance Company. The panel held that the Uninsured Motorist Coverage was in fact not $25,000 but rather equal to the Bodily Injury Coverage of $50,000. per car.

Trial Court Opinion at pp. 1–2.

Prudential raises the following issues in its appeal:

1. Whether, under the applicable policy of automobile insurance, Prudential Property and Casualty Insurance Company is entitled to a jury trial on all issues since the award of the Uninsured Motorist arbitration panel exceeded the limits required under the Motor Vehicle Financial Responsibility Law [MVFRL]; and

2. Whether the award of the Uninsured Motorist Arbitration Panel must be vacated or modified since it is contrary to Administrative mandate and violates the Public Policy.

Appellant's Brief at p. 3.

■ Both parties agree that this case is governed by the rules of common law arbitration. Therefore, our standard of review is quite narrow. "[A] common law arbitration [award] is reviewable only for fraud, misconduct, or some type of irregularity which caused the arbitrators to issue an unjust, inequitable, and unconscionable award." *Brennan v. General*

*Acc. Fire & Life,* 524 Pa. 542, 548, 574 A.2d 580, 583 (1990) (*quoting Wingate Construction Co. v. Schweizer Dipple, Inc.,* 419 Pa. 74, 213 A.2d 275 (1965)).

The arbitration clause in question here reads as follows: If we and a covered person disagree on policy coverages or amounts payable, either party may make a written demand for arbitration. In this event, each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree on the third arbitrator within 30 days, either may request that selection be made by a judge of a court having jurisdiction. Each party will pay the expenses it incurs and share the expenses of the third arbitrator equally. Unless both parties agree otherwise, arbitration will take place in the county and state in which the covered person lives. Local rules of law as to procedure and evidence will apply. A decision agreed to by two arbitrators will be binding if the award does not exceed the limits required under the Financial Responsibility Law of Pennsylvania.

If an arbitration award exceeds those limits, either party has a right to trial on all issues in a court of competent jurisdiction. This right must be exercised within 30 days of the award. Each party will pay their own expenses.

■ Essentially, Prudential makes two separate arguments. First, it argues that the arbitrators erred in determining that The Hoersts had stacked uninsured motorist coverage equal to $100,000. Prudential attempts to argue this based on factual and legal grounds concerning legislative mandate and public policy. We find Prudential's arguments in this regard unpersuasive because it is essentially arguing whether, and in what amount, The Hoersts are entitled to uninsured motorist coverage. These are matters within the jurisdiction of the arbitrators under the contract language cited above. Our Supreme Court has held that there is no limit to the jurisdiction of the arbitrators on issues submitted. *Brennan, supra.* Issues properly submitted for consideration by the arbitrators are within their discretion to decide; they are the "final judges of law and fact and their award will not be disturbed for mistake

of either." *Brennan, supra* 524 Pa. at 550, 574 A.2d at 583. That does not end our inquiry, however, because Prudential also asserts that under its policy it may request a trial *de novo* if the award exceeds the minimum financial responsibility required under the MVFRL.

The issue of whether Prudential may now seek a trial *de novo* was not and could not have come before the arbitrators, because it only came into effect after the arbitrators' award. Prudential raised this issue, however, in its petition to vacate the arbitrators' award. Although the trial court did not address this issue in its opinion, the court did deny the petition to vacate, and we assume that it did so on all grounds before it.

■ Prudential claims that the language of its arbitration clause entitles it to a trial *de novo*. The Insurance Commissioner is empowered to approve uninsured motorist coverage provisions. *See Prudential Property and Casualty Insurance Co. v. Muir*, 99 Pa.Cmwlth. 620, 513 A.2d 1129 (1986), *alloc. den.*, 514 Pa. 637, 522 A.2d 1106 (1987). In fact, *Muir* also involved Prudential Property and Casualty Insurance Company, the present Appellant, and although the arbitration clause at issue in *Muir* was not reprinted in that opinion, we find that the reasoning in *Muir* is sound. We, therefore, adopt it in our case. The Commonwealth Court stated that the company could not modify or delete the arbitration clause required by the Insurance Department regulations. After examining Prudential's clause in our present case, and the Insurance Department regulations issued concerning required provisions in Pennsylvania insurance policies, we find that the additional language in Prudential's policy purporting to entitle it to a trial *de novo* improperly modifies those regulations and is, therefore, void.

31 Pa.Code § 63.2 (1979) states:

(a) The extent of the coverage which *shall* be offered as "Uninsured Motorists Coverage" *shall* be *at least* that coverage contained in the sample form attached hereto as Exhibit C and made a part of this section, which is the

National standard form for this insurance. [Emphasis added.]

Therefore, the sample form contains provisions which are the minimum required coverages. In Exhibit C, Conditions, 8. Arbitration, of the sample form, the following language appears:

> Such [covered person] and the company each agree to consider itself bound and to be bound by any award made by the arbitrators pursuant to this endorsement.

The provision, in Prudential's policy, reads:

> A decision agreed to by two arbitrators will be binding if the award does not exceed the limits required under the Financial Responsibility Law of Pennsylvania.

> If an arbitration award exceeds those limits, either party has a right to trial on all issues in a court of competent jurisdiction.

Appellant's Policy, Arbitration Clause. This language clearly destroys the finality and binding nature of the arbitrators' decision, and therefore provides less than the minimum coverage as mandated in the regulations.[1] Consequently, Prudential's policy provision with regard to the language not contained in the Insurance Department's regulations is void, and will not be enforced.

Judgments affirmed.

CAVANAUGH, J., notes his dissent.

---

1. For purposes of this discussion, the term "coverage" refers to the concept of insurance itself and not to any specific dollar amounts which individual insurance companies may negotiate with customers.