**American States Insurance Cos. v. Snader**

C.P. of Adams County, no. 95-S-1108.

*Paul W. Grego,* for plaintiff.
*Eric J. Wiener* and *James R. Carroll,* for defendant.

KUHN, *J.,* March 28, 1996—On November 30, 1995, plaintiff, American States Insurance Companies, filed an action for declaratory judgment against defendant, Tracy L. Snader, administratrix of the estate of Wayne K. Snader, deceased. The background for this action occurred on May 10, 1995, when Wayne K. Snader

was involved in a fatal vehicular accident in Dauphin County, Pennsylvania. At the time, Mr. Snader was operating a dump truck for his employer, Brenize's Trucking. The dump truck was insured under an insurance policy issued by plaintiff to Brenize's Trucking. According to the instant complaint, defendant is seeking underinsured motorist benefits under the policy. Plaintiff argues that defendant's recovery is limited to workmen's compensation benefits or, in the alternative, to a maximum underinsured coverage of $35,000.

Defendant filed preliminary objections seeking a stay of all proceedings and an order that the issue of coverage be submitted to arbitration. The policy in question contains the following language:

"ARBITRATION

"(a) If we and an 'insured' disagree whether the 'insured' is legally entitled to recover damages from the owner or driver of an 'underinsured motor vehicle' or do not agree as to the amount of damages that are recoverable by that 'insured,' then the matter may be arbitrated. However, disputes concerning coverage under this endorsement may not be arbitrated. . . ."

Defendant contends that whether the estate is "legally entitled to recover damages from the owner" of the vehicle is an issue which can be arbitrated pursuant to this policy provision. Plaintiff holds the view that whether workmen's compensation benefits preclude coverage is an issue "concerning coverage" and is not arbitrable.

With the exception of the last sentence of the above quoted arbitration clause that language is identical to the language found in the policy in *Brennan v. General Accident Fire and Life Assurance Corp. Ltd.,* 524 Pa. 542, 574 A.2d 580 (1990). In *Brennan* our Supreme Court stated that,

"A review of the language of the arbitration clause reveals that arbitration is mandated whenever the insured and the insurer disagree as to when a party is legally entitled to recover damages. There is no limit to the jurisdiction of the arbitrators over what issues may be submitted and in fact the policy declares that all disputes between the insurance company and the insured will be arbitrated. The instant dispute, in its broadest sense, involves a disagreement as to the amount of damages which appellant would and could possibly receive under the policy. This court has held, since the insurance policy was written by the appellee, any ambiguity will be interpreted against the appellee. . . . Given the broad scope of authority given the arbitrators, we have little difficulty in concluding that the dispute herein is a matter specifically within the scope of the arbitration clause." *Id.* at 549, 574 A.2d at 583. (citation omitted)

Although *Brennan* and its progeny are helpful in defining the scope of arbitration clauses in underinsurance policies those cases are only partially helpful in resolving this case. In *Brennan*, the broad scope of authority for arbitration was without express exception, while in this case there is a specific exclusion set forth in the last sentence regarding "coverage." At first glance the first and second sentence of the arbitration clause appear in conflict. Such ambiguity would suggest that arbitration is available for the instant dispute because the contract language would be construed against the drafter.

There is, however, a more cogent analysis that leads this court to authorize arbitration of this dispute. It appears that the exclusionary language in the arbitration clause is included in this policy by authority of the Pennsylvania Insurance Department. In *Pennsylvania Bulletin,* vol. 24, no. 16, April 16, 1994, the Insurance Department set forth permissible arbitration provisions

for automobile insurance policies. Those provisions mirror the *Brennan* policy and the instant policy, except for the exclusionary sentence. The department currently also allows arbitration clauses to exclude disputes as to stacking, waivers, residency, statutes of limitation or whether a claimant is an insured under the coverage. 31 Pa. Code §63.103.

If the purpose of the sentence excluding arbitration for disputes of coverage in this case is to exclude questions of whether a claimant is an insured then arbitration is not excluded here. An insured under this policy is anyone occupying a covered vehicle. The parties do not dispute that Mr. Snader occupied a vehicle covered by the policy at the time of the accident.

Under that portion of the underinsured endorsement titled "coverage" the policy reads that plaintiff will pay all sums the insured is legally entitled to recover as compensatory damages from the owner of the underinsured vehicle after the limits of liability policies have been exhausted or a settlement between the insured and the insurer of the underinsured vehicle has been effectuated. As noted above, to exclude issues of "coverage" (the amounts the insured is legally entitled to recover) from arbitration, while at the same time submitting to arbitration, disputes whether the insured is legally entitled to recover damages and the amount thereof is logically inconsistent and ambiguous.

Accordingly, the attached order is entered.

## ORDER

And now, March 28, 1996, defendant's preliminary objections are granted. The issue of whether defendant is entitled to underinsurance benefits and the amount thereof or whether defendant is limited to receipt of workmen's compensation benefits shall be submitted to arbitration. Meanwhile, all proceedings are stayed.