**UNITED STATES FIDELITY
& GUARANTY CO., et
al., Plaintiffs,**

v.

**Cheryl SMITH, et al., Defendants.**

**No. 01–451.**

United States District Court,
E.D. Pennsylvania.

Nov. 8, 2001.

Lawrence M. Kelly, Mintzer, Sarowitz, Zeris & Ledva, Philadelphia, PA, for United States Fidelity & Guaranty Company, ("USF & G") and Coach USA, Inc.

Phillip H. Baer, Phillip H. Baer, Ltd., Philadelphia, PA, for Cheryl Smith, Doris Lofton, Sharon Myer and Latanya Coleman.

Mayer Horwitz, Dashevsky, Horwitz, Kuhn and Di Sandro, P.C., Philadelphia, PA, Andrew S. Dashevsky, Dashevsky

Horwitz, Di Sandro, Kuhn Dempsey Novello, Philadelphia, PA, for Alvida Brooks.

## MEMORANDUM

**EDUARDO C. ROBRENO,** District Judge.

This is a declaratory judgment action brought by the United States Fidelity & Guaranty Co. ("Fidelity") and its insured Coach U.S.A. ("Coach") and/or jointly with Fidelity "plaintiffs") seeking a determination of the availability of uninsured motorist ("UM") benefits under a vehicle liability insurance policy (the "Fidelity policy"). The Fidelity policy is a national, multi-jurisdictional policy, subject to individual state endorsements that mold the coverage to conform to the laws of a number of jurisdictions, including Pennsylvania and New Jersey, depending on the circumstances of the claim.

On April 1, 2000, an unidentified car struck from behind a Coach bus covered under the Fidelity policy. Several passengers on the bus claim to have been injured. The accident occurred in Philadelphia, Pennsylvania, the Coach bus was licensed and garaged in New Jersey and the allegedly injured passengers reside in Pennsylvania.

The allegedly injured passengers have either placed plaintiffs on notice that they will seek UM benefits [1] or have asked the Court of Common Pleas of Philadelphia County to appoint an arbitrator, as provided under Pennsylvania law, to determine the extent of the UM benefits under the Fidelity policy.

Plaintiffs seek in this court a declaration [2] that "the passengers on the bus are prohibited from proceeding in [a] Pennsylvania [forum] or recovering under Pennsylvania law with respect to uninsured motorist benefits." Hearing Tr. at 32, Oct. 18, 2001. Under the circumstances of this case, the plaintiffs' request implicates the following issues: (1) Does the Fidelity poli-

---

1. Although neither the Pennsylvania or New Jersey uninsured motorist statutes define "uninsured motorist benefits," both statutes provide similar definitions of "uninsured motor vehicle." Under the Pennsylvania statute, an uninsured motor vehicle is:

   (1) a motor vehicle for which there is no liability insurance or self-insurance applicable at the time of the accident.

   (2) A motor vehicle for which the insurance company denies coverage or the insurance company is or becomes involved in insolvency proceedings in any jurisdiction.

   (3) An unidentified motor vehicle that causes an accident resulting in injury provided the accident is reported to the police or proper governmental authority and the claimant notifies his insurer within 30 days, or as soon as practicable thereafter, that the claimant or his legal representative has a legal action arising out of the accident.

   75 Pa.C.S. § 1702.

   New Jersey's definition provides that an uninsured motor vehicle is:

   (a) a motor vehicle with respect to the ownership, operation, maintenance, or use of which there is no bodily injury liability insurance or bond applicable at the time of the accident;

   (b) a motor vehicle with respect to the ownership, operation, maintenance or use of which there is bodily injury liability insurance in existence but the liability insurer denies coverage or is unable to make payment with respect to the legal liability or its insured because the insurer has become insolvent or bankrupt, or the Commissioner of Banking and Insurance has undertaken control of the insurer for the purpose of liquidation; or

   (c) a hit and run motor vehicle as described in section 18 of P.L.1952, c. 174 (C 39:6–78).

   N.J.S.A. 17:28–1.1.

2. Initially the plaintiffs sought a declaration that (1) the Fidelity Policy does not provide UM benefits, and (2) the passengers on the bus are not entitled to UM arbitration. At the hearing, and without objection of defendants, plaintiffs amended their motion for summary judgement and their prayer for relief.

cy afford UM benefits to the passengers on the bus?[3] If so, (2) does the Fidelity policy provide the benefits under the Pennsylvania or New Jersey endorsement?[4] Finally, if there are UM benefits available, (3) may the passengers proceed to enforce their claims to UM benefits in a Pennsylvania forum?

■ It is undisputed that Coach waived UM benefits under the Pennsylvania endorsement of the Fidelity policy.[5] *See* Rejection of Uninsured Motorist Protection—Pennsylvania, Pol. No. DRE2795800, Pls.Mot. for Summ.J. and Dec. Relief Ex. B. It is also true that Coach's Pennsylvania waiver is valid, *see Winslow-Quattlebaum v. Maryland Ins. Group,* 561 Pa. 629, 752 A.2d 878 (2000), and effectively rejects all rights to UM benefits under 75 Pa.C.S. § 1731. Therefore, under the provisions of the Fidelity policy governed by Pennsylvania law, defendants are not entitled to UM benefits.

Nevertheless, that the defendants are not entitled to benefits under the Pennsylvania endorsement does not automatically bar the defendants from recovering UM benefits under another provision in the Fidelity policy, and proceeding in a Pennsylvania forum to determine the extent of the benefits. For that determination, the court must turn to the other endorsements in the Fidelity policy. The Fidelity policy provides that the New Jersey endorsement applies to vehicles licensed or principally garaged in New Jersey. *See* New Jersey Endorsement. The Coach bus involved in this accident was licensed and garaged in New Jersey, and thus the New Jersey endorsement governs the extent of the UM benefits available.

■ The New Jersey endorsement provides coverage to an insured for compensatory damages caused by an uninsured motorist. *See* New Jersey Endorsement at § A(1). The Fidelity policy states that an "insured" includes "anyone else 'occupying' a covered 'auto' or a temporary substitute for a covered 'auto.'" *Id.* The defendants, as passengers in the Coach bus, are insureds under the Fidelity policy and thus are covered under the New Jersey endorsement.

**3.** Whether the passengers may recover UM benefits at all constitutes the crux of the arguments in this case. Before there can be a determination of what forum the defendants may use to enforce their rights to UM benefits, it must be determined if there are any rights to benefits to enforce.

**4.** If there is, in fact, UM coverage, the court must determine what policy provision within the Fidelity policy grants the defendants the rights to those UM benefits.

**5.** Although the court finds that the defendants are entitled to arbitration in Pennsylvania pursuant to the Fidelity policy's New Jersey endorsement, the court may decide whether the Pennsylvania waiver is effective as to the defendants' rights under the Pennsylvania UM endorsement. When there is an arbitration provision in an insurance policy, unless that policy restricts what issues may be submitted to the arbitrators, "the arbitrators are the final judges of law and fact." *Brennan v. General Accident Fire and Life Assurance Corp.,* 524 Pa. 542, 550, 574 A.2d 580, 583 (1990). The applicable arbitration provision in the policy is that of the New Jersey endorsement. *See* New Jersey Uninsured and Underinsured Motorist Coverage, Pol. No. DRE2795800 (hereinafter "New Jersey Endorsement"). That endorsement provides for arbitration if there is a dispute "whether the 'insured' is legally entitled to recover damages from the owner or driver of an 'uninsured motor vehicle'" or if the parties "do not agree as to the amount of the damages that are recoverable by that insured." *Id.* at § A(4)(a). The policy states, however, that "disputes concerning coverage under this endorsement may not be arbitrated." *Id.* Since the policy contains an express limitation on the scope of the arbitration clause, the court may reach this determination. *See State Farm Mutual Auto. Ins. Co. v. Coviello,* 233 F.3d 710 (3d Cir.2000).

■ According to the New Jersey endorsement, if Fidelity and an insured (the passengers in this case) disagree whether the insured is legally entitled to recover UM benefits or do not agree as to the amount of damages caused by the uninsured motorist, the matter shall be submitted to arbitration. *See id.* at § E(4)(a). If the parties cannot agree on the selection of arbitrators, then either party may request that the selection be made by a judge of a court having jurisdiction. *Id.* As the accident occurred in Philadelphia County, Pennsylvania, the Philadelphia Court of Common Pleas has subject matter and personal jurisdiction over the parties. *See Slezynger v. Bischak,* 224 Pa.Super. 552, 553, 307 A.2d 405, 406 (1973) (stating that "all courts of common pleas have subject-matter jurisdiction to try an action arising out of a tort committed in the Commonwealth"); 42 Pa.C.S. § 5322(a)(3) (providing personal jurisdiction over an individual "causing harm or tortious injury by act or omission in this Commonwealth").

Furthermore, under the New Jersey endorsement the arbitration is to take place in the county in which the insured lives. *See* New Jersey Endorsement at § E(4)(b). Because the defendants all live in Philadelphia County, the arbitration shall take place there.

Thus, although the plaintiffs have waived UM benefits under the Pennsylvania endorsement, the defendants may still arbitrate their claims in Pennsylvania, according to the New Jersey endorsement.

For the reasons stated above, plaintiffs' motion for summary judgment is granted in part and denied in part. Accordingly, the court declares that the passengers on

the bus are prohibited from recovering UM benefits under the Pennsylvania endorsement, but may proceed in a Pennsylvania forum to recover benefits under the New Jersey endorsement to the Fidelity policy.[6]

An appropriate order follows.

---

**6.** The coverage question having been decided by the court, the duly appointed arbitrators will then decide whether the passengers are entitled to UM benefits, and, if so, the extent of benefits under the circumstances of this case. *See State Farm Mutual Auto. Ins. Co. v. Coviello,* 233 F.3d 710, (holding that where policy provision limited arbitrators' jurisdiction, arbitrators should decide only issues granted to them in the arbitration agreement).