**HARTFORD INSURANCE COMPANY OF the MIDWEST**

v.

**Anne ALTOMARE.**

**No. 02–CV–2134.**

United States District Court,
E.D. Pennsylvania.

Aug. 7, 2002.

Fred B. Buck, Sandra L. Jacques, Rawle & Henderson, Philadelphia, PA, for plaintiff.

Alan I. Lourie, Law Offices of Michael Steiman, Philadelphia, PA, for defendant.

### MEMORANDUM

BARTLE, District Judge.

This is a declaratory judgment action brought under 28 U.S.C. § 2201. Plaintiff Hartford Insurance Company of the Midwest ("Hartford") seeks a declaration that it has no current contractual obligation either to pay uninsured motorist benefits to its insured, defendant Anne Altomare ("Altomare"), or to arbitrate her claim for such benefits. Defendant seeks a declaration that she is currently entitled to uninsured motorist benefits. In the alternative, she urges the court to permit her present eligibility to be determined by a panel of arbitrators. Before the court are cross-motions for summary judgment.

We may grant summary judgment only if there is no genuine issue of material fact and the moving party is entitled to summary judgment as a matter of law. *See* Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). We review all evidence and make all reasonable inferences from the evidence in the light most favorable to the non-movant. *See Wicker v. Consol. Rail Corp.,* 142 F.3d 690, 696 (3d Cir.1998).

### I.

For purposes of the pending motions, the following facts are undisputed. Hartford had issued to Altomare a personal automobile insurance policy (# 55 PHF276172) which provided her with $100,000 in uninsured motorist benefits. On January 9, 2001, when the policy was in effect, Altomare sustained injuries in an automobile accident while a passenger in the car of her daughter, Anne Marie Farr ("Farr") who was driving. At the time of the accident, Farr did not have any automobile insurance. The car collided with a truck operated by Daniel Barci within the scope of his employment with American Furniture Rentals. The latter was covered under an automobile insurance policy issued by PMA Insurance Group with a liability limit of $1,000,000 per occurrence.

On September 7, 2001, Altomare brought suit against Daniel Barci and American Furniture Rentals, among others, in the Court of Common Pleas of Philadelphia County, Pennsylvania. Altomare alleged that she was injured in the January 9, 2001 accident as a result of the negligence of defendants. That case is scheduled to go to trial in April, 2003.

On October 19, 2001, Altomare, through her attorney, made a demand on Hartford for payment of the $100,000 in uninsured motorist benefits under her automobile insurance policy. Pursuant to the policy, Altomare's attorney also appointed an arbitrator and demanded that Hartford arbitrate the dispute. Hartford has refused to do so.

The section of the policy related to uninsured motorist benefits states in relevant part:

If [Hartford] and an **insured** do not agree:

1. Whether that **insured** is legally entitled to recover damages; or

2. As to the amount of damages which are recoverable by that **insured;** from the owner or operator of an **uninsured motor vehicle,** then the matter may be arbitrated. However, disputes concerning coverage under this Part may not be arbitrated.

Either party may make written demand for arbitration. Arbitration shall be conducted in accordance with the provisions of the Pennsylvania Uniform Arbitration Act. Each party will select an arbitrator. The two arbitrators will select a third.

Hartford maintains that it should not be required to pay Altomare uninsured motorist benefits or arbitrate her claim for those benefits until after the action that Altomare has filed in the Court of Common Pleas of Philadelphia County is concluded. If American Furniture Rentals is adjudged at least partially responsible for the accident, Hartford argues, it is likely that Altomare will receive full compensation from it for her injuries and therefore will not be entitled to collect uninsured motorist benefits from Hartford. Altomare counters that under Pennsylvania law she is not required to wait for the resolution of the state court action before seeking her uninsured motorist benefits. She concedes, however, that she would be required to return whatever was awarded by the arbitrators if she is later fully compensated by American Furniture Rentals or others in her lawsuit.

## II.

Since this is a diversity action, we will apply Pennsylvania law in construing the language of the policy in issue. Where the wording is clear and unambiguous, we will enforce that wording. *Little v. MGIC Indem. Corp.*, 836 F.2d 789, 793 (3d Cir.1987) (citation omitted). If possible, we will interpret the policy so as to avoid ambiguities and give effect to all of its provisions. *Id.* (citation omitted). If its language is "either ambiguous, obscure, uncertain or susceptible to more than one construction, the language must be construed most strongly against the insurer, and the construction most favorable to the insured must be adopted." *Vale Chem. Co. v. Hartford Accident & Indem. Co.*, 340 Pa.Super. 510, 490 A.2d 896, 903 (985), *rev'd on other grounds*, 512 Pa. 290, 516 A.2d 684 (1986) (citations omitted); *see also ACandS, Inc. v. Aetna Cas. & Sur. Co.*, 764 F.2d 968, 973 (3d Cir.1985).

Whether a dispute is subject to arbitration is, of course, a matter of contract interpretation. *Brennan v. Gen. Accident Fire & Life Assurance Corp.*, 524 Pa. 542, 574 A.2d 580, 583 (1990). We are mindful that "where the parties have chosen arbitration as the forum for resolution of their disputes, they are bound by that choice." *Borgia v. Prudential Ins. Co.*, 561 Pa. 434, 750 A.2d 843, 849 (2000). The Pennsylvania Supreme Court has instructed that arbitration clauses should be "construed broadly" since "public policy favors arbitration." *Id.* at 850. Furthermore, "arbitration panels are generally given broad authority to resolve claim disputes." *Hartford Ins. Co. v. O'Mara*, 123 F.Supp.2d 834, 836 (E.D.Pa.2000).

In order to determine whether the parties intended this dispute to be resolved through arbitration, we look to the terms of the policy. Here the policy provides for arbitration of disputes where the insurer and the insured disagree as to "[w]hether that **insured** is legally entitled to recover damages" as well as "the amount of damages which are recoverable." There is only one express exception to the jurisdiction of the arbitrators. That exception excludes "disputes concerning coverage under this Part."

Hartford does not contest that at the time Altomare was in the car accident she was covered under her automobile insurance policy for uninsured motorist benefits. Clearly, this is not a "dispute[ ] concerning coverage" which by the express terms of the policy "may not be arbitrated." The central conflict between Hartford and Altomare relates to the timing of Altomare's arbitration demand and the amount, if any, to be awarded. Hartford argues that Altomare is not "legally entitled to recover" uninsured motorist benefits at this time while Altomare maintains that she is. This dispute clearly falls within the ambit of the arbitration clause of the policy. The language in that clause is

extremely broad. *See Borgia,* 750 A.2d at 850–51; *Brennan,* 574 A.2d at 583. The narrow exception, which prohibits the arbitration of coverage disputes, is simply not applicable to this situation.

Additionally, even if we found the terms of the policy to be ambiguous, that ambiguity must be "construed most strongly against the insurer." *Vale,* 490 A.2d at 903. Consequently, we would adopt the construction favorable to Altomare, that is, that the present dispute is subject to arbitration.

In support of its position that the conflict with Altomare is not currently subject to arbitration, Hartford cites *State Farm Mutual Automobile Insurance Co. v. Coviello,* 233 F.3d 710 (3d Cir.2000). There, State Farm Mutual Automobile Insurance Company ("State Farm") brought a declaratory judgment action seeking a declaration that Mary Coviello was not entitled to underinsured motorist coverage under her daughter Ann Coviello's insurance policy. Mary Coviello had been in a single-car accident. The car, which she and her husband Leonard Coviello owned, was being driven by her husband when the accident occurred. In addition to obtaining the benefits under the policy covering that car, Mary Coviello sought underinsured motorist benefits under a separate automobile insurance policy issued to her daughter who lived in the same house with her parents and had her own car. State Farm maintained that Mary and Leonard Coviello's car was not covered as an underinsured motor vehicle under their daughter's policy. The arbitration clause in Ann Coviello's policy expressly circumscribed the jurisdiction of the arbitrators. It stated that "[t]he arbitrator's decision shall be limited to" two questions: (1) "[i]s the insured legally entitled to collect compensatory damages from the owner or driver of an uninsured motor vehicle or underinsured motor vehicle;" and (2) "[i]f so, in

what amount?" *Id.* at 717. The Third Circuit determined that the narrow language of the arbitration clause did not require the coverage dispute between the parties to be decided through arbitration. *Id.* at 719–20. In contrast, it is uncontested in this case that the Hartford policy provided uninsured motorist coverage to Altomare. In sum, *Coviello* does not support Hartford's argument.

We emphasize that by permitting Altomare to proceed to arbitration we are not deciding that her claim for uninsured motorist benefits is either meritorious or ripe. Whether and when she might be entitled to recover any such benefits are matters for the panel of arbitrators to decide pursuant to the arbitration provision of the policy.

Accordingly, we will grant the motion of defendant for summary judgment and deny the motion of plaintiff for summary judgment.

### ORDER

AND NOW, this 7th day of August, 2002, for the reasons set forth in the accompanying Memorandum, it is hereby ORDERED that:

(1) the motion of defendant Anne Altomare for summary judgment is GRANTED;

(2) the motion of plaintiff Hartford Insurance Company of the Midwest for summary judgment is DENIED; and

(3) judgment is entered in favor of Anne Altomare and against Hartford Insurance Company of the Midwest declaring that the claim of Anne Altomare for uninsured motorist benefits under The Hartford Personal Auto Insurance Policy # 55 PHF276172 is presently subject to arbitration.